YEO v YEO

Docket No. 179721. Submitted November 21, 1995, at Detroit. Decided December 19, 1995, at 9:05 A.M.

Robert V. Yeo brought an action in the Oakland Circuit Court against Sheri L. Yeo, seeking a judgment of divorce. The court, Robert L. Templin, J., granted a judgment of divorce that reserved for future consideration the division of the marital property. The court subsequently denied a motion by the plaintiff to set aside the judgment and entered an order allowing the sale of the marital home and placement of the proceeds in a trust account pending the resolution of the property division issues. The Court of Appeals, DOCTOROFF, C.J., and CAVANAGH and FITZGERALD, JJ., granted the plaintiff leave to appeal those two orders and stayed the proceedings in an unpublished order entered November 21, 1994 (Docket No. 179721).

The Court of Appeals *held:*

1. The trial court erred in granting a judgment of divorce while reserving the division of property to a later date.

2. This case is controlled by MCR 3.211(B)(3), which expressly provides that a judgment of divorce must include a determination of the property rights of the parties. To the extent that MCL 552.19; MSA 25.99 and MCL 552.401; MSA 25.136 permit a judgment of divorce to contain a property settlement and MCR 3.211(B)(3) requires a judgment of divorce to contain a property settlement, the court rule is controlling because the issue is a procedural one. Rules of practice in statutes are not effective once they are superseded by rules adopted by the Supreme Court. The mandatory contents of a judgment of divorce is a rule of practice because it dictates procedure, not substance. The denial of the motion to set aside the judgment of divorce must be set aside and the judgment of divorce must be vacated.

3. The trial court properly exercised its equitable power in

REFERENCES

Am Jur 2d, Divorce and Separation §§ 415, 818, 866; Equity §§ 62, 68; Trusts § 200.

See ALR Index under Divorce and Separation; Property Settlement; Rules of Court.

allowing the sale of the marital home before entry of a final property settlement because the mortgage payments were not being made and the parties' equity in the home was at risk.

Affirmed in part, reversed and vacated in part, and stay of proceedings dissolved. Case remanded for further proceedings.

1. DIVORCE — JUDGMENTS — PROPERTY SETTLEMENTS.

To the extent that MCL 552.19; MSA 25.99 and MCL 552.401; MSA 25.136 permit a judgment of divorce to contain a property settlement and MCR 3.211(B)(3) requires the judgment to contain a property settlement, the court rule is controlling; the issue regarding the mandatory contents of a judgment of divorce is a procedural one.

2. CONFLICT OF LAWS — RULES OF PRACTICE — STATUTES — COURT RULES.

Rules of practice in statutes are effective until superseded by rules adopted by the Supreme Court (MCR 1.104).

3. DIVORCE — PROPERTY SETTLEMENTS — SALE OF MARITAL HOME BEFORE ENTRY OF FINAL PROPERTY SETTLEMENT.

A trial court in a divorce action may order, as a court of equity, the sale of the marital home and the placement of the proceeds in trust before it enters a final property settlement where the mortgage payments for the home are not being made and the parties' equity in the home is at risk.

*John F. Schaefer* and *Mark A. Bank,* for the plaintiff.

*Hyman & Lippitt, P.C.* (by *J. Leonard Hyman* and *Paul J. Fischer*), for the defendant.

Before: CAVANAGH, P.J., and TAYLOR and J. L. MARTLEW,* JJ.

TAYLOR, J. Plaintiff, Robert Vincent Yeo, appeals by leave granted from an order denying his motion to set aside a judgment of divorce and a subsequent order allowing defendant, Sheri Lynn Yeo, to sell the marital residence. We affirm in part, reverse and vacate in part, and dissolve the stay of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

proceedings entered by this Court upon the granting of leave to appeal.

A judgment of divorce was filed in the trial court on September 2, 1994. The judgment of divorce stated as follows under a heading entitled "Property Settlement":

> It is further ordered and adjudged that the division of the marital property shall be reserved for future consideration of this Honorable Court.

The judgment of divorce was signed by defendant's attorney, who also signed plaintiff's attorney's name by consent. An order allowing plaintiff's attorney to withdraw was entered on September 1, 1994. On September 14, 1994, plaintiff's new attorney filed a motion to set aside the judgment of divorce. Plaintiff argued that his former attorney did not have authority to sign the judgment of divorce and that the judgment of divorce improperly reserved the property division for a later date. On October 5, 1994, the court entered an order denying plaintiff's motion to set aside the judgment of divorce. The court entered an order on October 21, 1994, allowing for the sale of the marital home and placement of the proceeds into a trust account pending a later resolution of the property issues. Plaintiff filed an application for leave to appeal from these two orders. On November 21, 1994, this Court, DOCTOROFF, C.J., and CAVANAGH and FITZGERALD, JJ., granted plaintiff's application for leave to appeal and stayed the proceedings in an unpublished order (Docket No. 179721).

Plaintiff argues that the court improperly bifurcated the proceedings when it granted a divorce judgment that reserved the division of property to a later date. We agree. Defendant correctly points

out that MCL 552.19; MSA 25.99 and MCL 552.401; MSA 25.136 provide that the court "may" divide the property of a divorcing couple as a part of a judgment of divorce. On this basis, defendant then asserts that a bifurcation of a judgment of divorce from a property settlement is permissible. We need not, and do not, determine whether such a bifurcation is authorized under the statutes because we are persuaded that the issue in this case is controlled by MCR 3.211(B)(3), which expressly provides that a judgment of divorce must include a determination of the property rights of the parties. To the extent that the statutes permit a judgment of divorce to contain a property settlement and the court rule requires a judgment of divorce to contain a property settlement, we conclude that the court rule is controlling because the issue is a procedural one. MCR 1.104 provides that rules of practice in statutes are effective until superseded by rules adopted by the Supreme Court. Our Court discussed this and affirmed the clear import of this rule in *In re Norris Estate,* 151 Mich App 502, 510-511; 391 NW2d 391 (1986).[1] We deem the mandatory contents of a judgment of divorce to be a rule of practice because it dictates procedure, not substance. Thus, the court rule, MCR 3.211(B)(3), takes precedence over the statutes to which defendant makes reference (assuming there is a conflict). Compliance with MCR 3.211(B)(3) ensures that divorce cases are not tried piecemeal subjecting the parties to a multiplicity of orders that could be appealed. *Ritzer v Ritzer,* 243 Mich 406, 410; 220 NW 812 (1928). Cf. *Dobrzenski v Dobrzenski,* 208 Mich App 514, 515; 528 NW2d 827 (1995). Further, we note that plaintiff's purported stipula-

---

[1] See also Administrative Order No. 1994-10, which states that a criminal discovery court rule prevails over a conflicting statute providing for criminal discovery.

tion to the judgment is of no consequence given our resolution of this matter. A stipulation by the parties regarding a matter of law is not binding on a court. *In re Finlay Estate,* 430 Mich 590, 595; 424 NW2d 272 (1988). Accordingly, because the judgment of divorce did not comply with MCR 3.211(B)(3), we reverse the trial court's denial of plaintiff's motion to set aside the judgment of divorce and vacate the judgment of divorce.

Plaintiff also argues that the trial court erred in allowing for the sale of the marital home. We disagree.

The court had such authority as a court of equity. *Wiand v Wiand,* 178 Mich App 137, 144; 443 NW2d 464 (1989). Allowing the sale of the marital residence was a proper exercise of that equitable power because neither party was making mortgage payments, foreclosure was threatened, and the proceeds were to be put in trust. Clearly, plaintiff did not suffer any prejudice because he had a right of first refusal to purchase the property and, if he did not exercise that right, any interest he had in the home was to be satisfied from the proceeds of the sale. Defendant has asserted that the holding in *Ritzer, supra,* precluded the court from proceeding in this fashion. We disagree and find the cited language from *Ritzer* inapplicable. *Ritzer, supra,* did not prevent the court from ordering the sale of the marital home under circumstances where mortgage payments were not being made and any equity in the home was at risk. It is that situation the court dealt with here. In summary, under the circumstances found here, we conclude that the court did not abuse its discretion in ordering the sale of the marital home before entry of a final property settlement.

Affirmed in part, reversed in part, and the stay of proceedings is dissolved. The judgment of divorce is vacated and the case is remanded for further proceedings consistent with this opinion. This Court does not retain jurisdiction.