STAFF v JOHNSON

Docket No. 216251. Submitted May 9, 2000, at Marquette. Decided September 15, 2000, at 9:00 A.M.

John L. and Jeannette R. Staff brought an action in the Marquette Circuit Court against Curtis C. Marder, M.D., and others, alleging medical malpractice. More than ninety-one days after filing his first responsive pleading, Marder gave notice of a claim that nonparties Joel A. Johnson, M.D., and Joel A. Johnson, M.D., FACS, P.C., were wholly or partially at fault. More than two years after filing their original complaint, the plaintiffs filed an amended complaint adding Dr. Johnson and his professional corporation as defendants. Dr. Johnson and his professional corporation (hereinafter defendants) moved for summary disposition, arguing that the notice of fault by nonparties did not comply with MCR 2.112(K) and that the action against the defendants was barred by the applicable two-year statute of limitations. The court, Edward A. Quinnell, J., denied the motion. The defendants appealed by leave granted.

The Court of Appeals *held*:

1. Under MCR 2.112(K) a party against whom a claim is asserted in an action for personal injury, property damage, or wrongful death to which MCL 600.2957; MSA 27A.2957 and MCL 600.6304; MSA 27A.6304 apply may give notice of a claim that a nonparty is wholly or partially at fault. The party must file its notice within ninety-one days after filing its first responsive pleading. Beyond that period, the party may move to be allowed a late filing of the notice. The court shall allow a late filing of the notice upon a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing does not result in unfair prejudice to the opposing party.

2. In this case, the trial court erred in allowing the plaintiffs and the original defendants to stipulate to forgo the requirements of MCR 2.112(K) with respect to Marder's notice of claim that the defendants are wholly or partially at fault. The late filing of that notice should not have been allowed in view of the noncompliance with MCR 2.112(K).

3. MCL 600.2957(2); MSA 27A.2957(2), which provides that upon motion of a party within ninety-one days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging one or more causes of action against that nonparty, and which further provides that the added cause of action is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action, conflicts with MCR 2.112(K). Where a statute and a court rule conflict with respect to a matter of practice and procedure, the court rule prevails.

4. In this case, MCR 2.112(K) prevails over MCL 600.2957(2); MSA 27A.2957(2). The action against the defendants should have been summarily dismissed for noncompliance with MCR 2.112(K) and because it was brought more than two years after the alleged malpractice.

Reversed.

O'CONNELL, J., dissenting, stated that the purpose behind MCR 2.112(K) was to protect plaintiffs from unfair surprise and require defendants to give notice of a nonparty's involvement in the case before allowing the jury to consider the nonparty's fault in causing the plaintiff's injuries. Because the court rule served to benefit the plaintiffs in this case, the trial court correctly determined that the plaintiffs and the original defendants could validly stipulate to waive the application of the rule's notice provisions with respect to defendants Dr. Johnson and his professional corporation. The plaintiffs' claim is not time-barred inasmuch as the addition of the new defendants met the requirements of MCL 600.2957(2); MSA 27A.2957(2).

1. NEGLIGENCE — FAULT OF NONPARTIES — NOTICE.

A party against whom a claim is asserted in an action for personal injury, property damage, or wrongful death to which MCL 600.2957; MSA 27A.2957 and MCL 600.6304; MSA 27A.6304 apply may give notice of a claim that a nonparty is wholly or partially at fault by filing the notice within ninety-one days after filing its first responsive pleading; after that period, the party may move to be allowed a late filing of the notice; the motion must be granted upon a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing does not result in prejudice to the opposing party; compliance with these filing requirements cannot be waived by stipulation of the original parties to the action (MCR 2.112[K]).

2. NEGLIGENCE — FAULT OF NONPARTIES — STATUTES — COURT RULES.

The statute governing the amendment of pleadings in actions for personal injury, property damage, or wrongful death to add nonparties designated as being at fault conflicts with and is superseded by the court rule governing notices of nonparties at fault and amendment of pleadings in such actions (MCL 600.2957[2]; MSA 27A.2957[2], MCR 2.112[K]).

*Petrucelli & Petrucelli, P.C.* (by *Jonny L. Waara*), for John L. and Jeannette R. Staff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for Joel A. Johnson, M.D., and Joel A. Johnson, M.D., FACS, P.C.

Before: HOOD, P.J., and SAAD and O'CONNELL, JJ.

HOOD, P.J. Defendants, Joel A. Johnson, M.D., and Joel A. Johnson, M.D., FACS, P.C., (hereinafter defendants), appeal by leave granted from an order denying their motion for summary disposition. We reverse.

On July 22, 1997, plaintiff[1] filed a claim alleging medical malpractice against Curtis C. Marder, M.D., Curtis C. Marder, M.D., P.C., Larry S. Lewis, M.D., and Surgical Associates of Marquette, P.C.. His complaint stemmed from medical care received at two Marquette County hospitals.

On December 17, 1995, plaintiff allegedly arrived at Grand View Hospital complaining of chest pains. He had a history of hypertension. He was diagnosed with acute angina, admitted to the hospital, and started on a therapy of heparin, nitroglycerin drip, and aspirin. On December 19, 1995, plaintiff was transferred to

---

[1] Jeannette R. Staff, John L. Staff's wife, joins him as plaintiff. Because her loss of consortium claim is derivative of her husband's claim, and to avoid confusion, "plaintiff" as used in this opinion refers to John L. Staff.

Marquette General Hospital for further evaluation. Plaintiff was admitted under the care of Dr. Nelson Gencheff, but later was treated by Dr. Curtis Marder, who consulted with Dr. Larry Lewis. During his treatment at Marquette General Hospital, plaintiff allegedly continued to be treated with heparin. However, he allegedly experienced a decreased platelet count, abdominal distention, subcutaneous emphysema, and mottling of the feet and legs. On January 2, 1996, the heparin was discontinued. On January 4, 1996, plaintiff learned that amputation of his feet was a possibility. On January 19, 1996, a below the knee, bilateral amputation was performed on plaintiff. Plaintiff alleged that medical malpractice occurred as a result of the heparin treatment.

On January 16, 1998, Curtis C. Marder, M.D., and Curtis C. Marder, M.D., P.C., filed a motion to allow late notice with respect to a nonparty. The motion alleged that upon receipt of the Marquette General Hospital records, it was discovered that another physician, who was not named as a party to the litigation, ordered the administration of heparin upon plaintiff's admission to the hospital and adjusted the dosage throughout the hospitalization or for a significant period during the hospitalization. The motion acknowledged that the filing was late, but alleged that unfair prejudice would not result because of the minimal discovery that had occurred in the litigation. A brief in support was filed with the motion and was the only document to name the nonparty as Dr. Gencheff. A notice of hearing provided that the motion would be heard on "January 30, 1997 [sic, 1998]."

On January 22, 1998, plaintiff filed a motion to amend the complaint. Plaintiff acknowledged the motion to allow late notice regarding nonparty involvement. Plaintiff requested that Dr. Gencheff and Cardiology Associates of the Upper Peninsula, P.C., be added as defendants and had prepared a proposed amended complaint that named them as defendants. A notice of hearing provided that the motion would be heard on January 30, 1998. On January 30, 1998, the trial court prepared a "memorandum" that was filed on February 2, 1998.[2] This memorandum provided that "counsel for Dr. Marder had notified others of a potential third party who may be liable to the plaintiff." However, the memorandum noted that after the filing of the motion regarding late notice, "counsel" had found yet "another doctor who potentially may have some liability to the plaintiff." The memorandum acknowledged that, by statute, the parties to be added were entitled to ninety-one days' notice "before they can be made parties to the litigation." The memorandum provided:

> Accordingly, permission to add these two parties will be granted upon the filing of an appropriate petition, all of the present parties having no objection to the addition of the two additional potential defendants.
>
> However, the notice requirement, time for service of process, and some time for the appearance of an attorney indicates that there will be no further action in the Court [sic] file for a period of perhaps five months.
>
> Accordingly, the March 2, 1998[,] scheduling conference is adjourned and the matter is set for a further conference

---

[2] Defendants alleged that a copy of the transcript of the settlement conference hearing was requested, but the court reporter indicated that proceedings held that day did not occur on the record. Accordingly, a transcription of the settlement conference could not be provided.

on *July 13, 1998 at 2:15* P.M. When the new parties are added and an attorney has appeared for them, counsel will please help us remember to provide the new attorneys with notice of the conference. [Emphasis in original.]

On March 12, 1998, an order entitled "Order Granting Defendants' Motion For Notice Of Non-Party And Plaintiffs' Motion To Amend Complaint" was filed. The order provided that the notice of a nonparty was granted, although it failed to specify that it was limited to the nonparty named in the brief in support, specifically Dr. Gencheff. It was further ordered that plaintiff's motion to amend the complaint was granted, but that plaintiff would file the amended complaint in accordance with statutory waiting provisions. Despite the fact that there had been no formal motion to add any additional nonparties, the order also provided:

> The plaintiffs will be allowed to add additional defendants, including but not limited to, Joel A. Johnson, M.D., Joel A. Johnson, M.D., P.C., and Cardiac, Thoracic, and Vascular Surgery Associates, P.C., who were identified as prospective non-party defendants on 30 January, 1998 by attorney Gregory Elzinga. The plaintiffs may file a second amended complaint naming Joel A. Johnson, M.D., Joel A. Johnson, M.D., P.C., and Cardiac, Thoracic, and Vascular Surgery Associates, P.C., as party defendants after serving them with proper notice of the pending claim and waiting the statutorily mandated time period pursuant to *MCL 600.2912B(3)* [sic]. [Emphasis in original.]

On April 23, 1998, plaintiff filed a first amended complaint naming Dr. Gencheff and Cardiology Associates of the Upper Peninsula, P.C. On May 6, 1998, plaintiff filed a second amended complaint naming defendants.

On September 17, 1998, defendants moved for summary disposition pursuant to MCR 2.116(C)(7). Defendants asserted that, while the amended complaint alleging malpractice had been filed on May 5, 1998, the alleged malpractice had occurred in December 1995 and January of 1996. Because there was no relation back to the date of the original complaint, plaintiff's amended complaint was outside the two-year statute of limitations period. On October 13, 1998, plaintiff filed a "resistance" to defendants' motion for summary disposition. Plaintiff asserted that, by statute, the statute of limitations was not implicated because his original complaint was timely filed within the statutory period. At the hearing regarding defendants' motion for summary disposition, it was alleged that defendants were involved in a partnership with Dr. Marder and good cause for failing to timely file the notice could not be demonstrated because of the relationship. Plaintiff did not dispute this assertion. The trial court acknowledged that a formal notice that defendants were nonparties was not filed and that a formal motion to add defendants as parties was not filed. The trial court held that the defects were not fatal and denied defendants' motion for summary disposition. We granted leave to appeal.

Defendants argue that the parties to the litigation could not stipulate to forgo the notice provisions of MCR 2.112(K). We agree. The interpretation and application of court rules and statutes presents a question of law that is reviewed de novo. *Grzesick v Cepela*, 237 Mich App 554, 559; 603 NW2d 809 (2000). The portion of MCR 2.112 in dispute provides:

(K) Fault of Non-parties; Notice.

(1) Applicability. This rule applies to actions for personal injury, property damage, and wrongful death to which MCL 600.2957; MSA 27A.2957 and MCL 600.6304; MSA 27A.6304, as amended by 1995 PA 249, apply.

(2) Notice Requirement. Notwithstanding MCL 600.6304; MSA 27A.6304, the trier of fact shall not assess the fault of a nonparty unless notice has been given as provided in this subrule.

(3) Notice.

(a) A party against whom a claim is asserted may give notice of a claim that a nonparty is wholly or partially at fault. A notice filed by one party identifying a particular nonparty serves as notice by all parties as to that nonparty.

(b) The notice shall designate the nonparty and set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault.

(c) The notice must be filed within 91 days after the party files its first responsive pleading. On motion, the court shall allow a later filing of the notice on a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party.

(4) Amendment Adding Party. A party served with a notice under this subrule may file an amended pleading stating a claim or claims against the nonparty within 91 days of service of the first notice identifying that nonparty. The court may permit later amendment as provided in MCR 2.118.

MCR 2.112(K)(3)(c) provides that the notice must be filed within ninety-one days after the party files its first responsive pleading. However, any filing after that date must be made by motion and contain a showing that the facts underlying the notice could not, with reasonable diligence, have been known to the moving party earlier. MCR 2.112(K)(3)(c). In the

present case, Dr. Marder filed his first responsive
pleading on September 8, 1997. On January 16, 1998,
Dr. Marder filed his motion to allow the late filing of
notice to nonparty Dr. Gencheff.[3] However, there was
no mention of defendants contained in the motion. At
a settlement conference, counsel for Dr. Marder alleg-
edly raised the issue of the liability of defendants, and
plaintiff's counsel "stipulated" to forgo the notice
requirements. However, plaintiff provides no author-
ity for the position that parties to an action may stip-
ulate to forgo the requirements of the Michigan Court
Rules. A party may not leave it to this Court to search
for authority to sustain or reject its position. *City of
Troy v Papadelis (On Remand)*, 226 Mich App 90, 95;
572 NW2d 246 (1997). Furthermore, a stipulation by
the parties regarding a matter of law is not binding on
a court. *Yeo v Yeo*, 214 Mich App 598, 602; 543 NW2d
62 (1995). Therefore, the parties' stipulation to forgo
the requirements set forth in the Michigan Court
Rules is of no consequence. Additionally, it appears
that the failure to comply with the notice requirement
was purposeful because Dr. Marder could not estab-
lish reasonable diligence for failing to timely name
defendants. MCR 2.112(K)(3)(c). Plaintiff has failed to
dispute that Dr. Marder's prior, known relationship
with defendants precluded a finding of reasonable dil-
igence for failing to timely file the notice.[4] Accord-

---

[3] It is questionable whether this notice establishes the good cause
requirement set forth in MCR 2.112(K). Dr. Marder attributed the delay to
the "recent" receipt of the medical records from Marquette General Hospi-
tal, but failed to delineate the exact date of receipt. We need not decide
this issue because Dr. Gencheff is not a party to this appeal.

[4] Our review is limited to the record established at the trial level. A
party may not expand the record on appeal. *Reeves v Kmart Corp*, 229
Mich App 466, 481, n 7; 582 NW2d 841 (1998). Plaintiff has violated this
rule by attaching the medical records and the notice filed on defendants.

ingly, the trial court erred in allowing the parties to stipulate to disregard the requirements of the court rules regarding notice to nonparties.

Plaintiff argues that the statute of limitations for parties added pursuant to MCR 2.112(K) has been extended by MCL 600.2957; MSA 27A.2957. We disagree. MCL 600.2957; MSA 27A.2957 provides, in relevant part:

> (2) Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.

Plaintiff argues that MCL 600.2957(2); MSA 27A.2957(2) governs this factual situation and the addition of defendants is timely because the original complaint was filed within the statutory period. However, plaintiff fails to cite any authority for his conclusion that the statute prevails over the court rule. To determine whether there is a real conflict between a statute and a court rule, both are read according to their plain meaning. *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 722; 575 NW2d 68 (1997). When resolving a conflict between a statute and a court rule, the court rule prevails if it governs practice and procedure. *People v Strong*, 213 Mich App 107, 112; 539

---

Additionally, plaintiff states that the trial court made extensive findings regarding the satisfaction of the statutory requirements. Review of the record reveals that the trial court did not reach any conclusion regarding statutory findings, but instead noted that there were deficiencies regarding notice, but would not dismiss on that basis.

NW2d 736 (1995). The Supreme Court is given exclusive rulemaking authority in matters of practice and procedure. Const 1963, art 6, § 5; *McDougal v Schanz*, 461 Mich 15, 26; 597 NW2d 148 (1999). See also MCR 1.104 ("Rules of practice set forth in any statute, if not in conflict with any of these rules [the court rules], are effective until superseded by rules adopted by the Supreme Court.") The task of determining the line between practice and procedure and substantive law is a difficult one that must be determined case by case. *McDougal, supra* at 36. However, Michigan law has long held that the statute of limitations is regarded as procedural, not substantive. *People v Russo*, 439 Mich 584, 595; 487 NW2d 698 (1992); *Lothian v Detroit*, 414 Mich 160, 166; 324 NW2d 9 (1982); *Covell v Spengler*, 141 Mich App 76, 82; 366 NW2d 76 (1985); *Herrick v Taylor*, 113 Mich App 370, 374; 317 NW2d 631 (1982). Furthermore, the notice rules govern time frames for the filing of notice and are likewise procedural. Accordingly, if a court rule and a statute conflict regarding a matter of practice and procedure, the court rule prevails. *Strong, supra.*

Review of the court rule and the statute reveals a conflict. The statute sets forth a general procedure for providing notice to a nonparty. MCL 600.2957(2); MSA 27A.2957(2) provides that upon motion of a party within ninety-one days of identification, the court *shall* grant leave to file and serve an amended pleading. The statute fails to place any time restrictions on the filing of the motion to add a nonparty. The practical effect of the failure to place restrictions in the statute is that parties could add additional parties years after commencing litigation. Parties could use the statute to add parties years after the litigation

commenced to delay trial or encourage resolution by increasing the potential for settlement without regard to the rights of additional parties to be free from fear of litigation. A strict construction of the statute would preclude orderly docket management by requiring that courts "shall" add additional parties without regard to the stage of the court proceedings and expiration of the two-year period of limitation.

However, MCR 2.112(K) creates an orderly method for adding new parties that takes into account the need for a reasonable time frame for identification of the parties and the right to not be unfairly prejudiced as a result of the parties' failure to act diligently in the pursuit of their claims. MCR 2.112(K)(3)(c) provides that notice must be filed within ninety-one days after the party files its first responsive pleading. The notice may be given by any party and serves as notice by all parties. MCR 2.112(K)(3)(a). A defending party who is aware of other treating physicians who assisted in treatment has an incentive to comply with the notice time frame because fault of a nonparty will not be assessed by the trier of fact unless the notice rules are followed. MCR 2.112(K)(2). However, late notice may be granted upon the filing of a motion explaining why a nonparty was not timely discovered, despite the exercise of reasonable diligence. MCR 2.112(K)(3)(c). MCR 2.112(K)(4) provides that a party who receives notice of a nonparty "may" file an amended pleading against the nonparty. However, the rules of procedure governing the filing of answers and affirmative defenses, specifically MCR 2.118(B) and 2.111(F), allow a party to raise the issue of the statute of limitations. These court rules operate to ensure the orderly handling of a lawsuit and ensure

that parties diligently pursue their rights in accordance with established statutes of limitation. In *Stephens v Dixon*, 449 Mich 531, 534; 536 NW2d 755 (1995), our Supreme Court explained the rationale for imposing statutes of limitation:

> Statutes of limitation are procedural devices intended to promote judicial economy and the rights of defendants. For instance, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence. They also prevent plaintiffs from sleeping on their rights; a plaintiff who delays bringing an action profits over an unsuspecting defendant who must prepare a defense long after the event from which the action arose.

Furthermore, in *Herrick, supra* at 374, we held that "[s]tatutes of limitations should be fairly construed so as to advance the policy they intended to promote and should not be defeated by an overstrict construction." The construction of MCL 600.2957; MSA 27A.2957 urged by plaintiff would require that a trial court add a party on motion alone without regard to the statutory notice provisions of MCL 600.2912b(3); MSA 27A.2912(2)(3) or court rule notice provisions regarding adding a nonparty and could cause the parties to use the unrestricted statute as a means of strategy for delay or settlement. We cannot impose the overstrict construction urged by plaintiff. *Herrick, supra*. Furthermore, our Supreme Court recognized the need for court rules to govern the procedural notice and statute of limitations issues. Accordingly, the conflict between the court rules and the statute is resolved in favor of the court rules because it involves a matter of procedure. *McDougal, supra; Strong, supra*. Because plaintiff failed to comply with

the notice requirements and the litigation against defendants was commenced after the statutory two-year period, we reverse the trial court's order denying defendants' motion for summary disposition.[5]

We would be remiss if we failed to address the dissent's interpretation of our holding. The dissent concludes that the court rule at issue was designed to benefit plaintiffs, and therefore, the parties could stipulate to waive the court rule because disallowing stipulations would increase the backlog in most courts. We disagree. We do not conclude that all stipulations are now disallowed. Rather, the stipulation presented in this case was used as a vehicle to circumvent an underlying factual predicate that could not be fulfilled by the parties. MCR 2.112(K)(3)(c) provides that notice may be filed no later than ninety-one days after the first responsive pleading except upon a showing that the facts upon which the notice is based could not, with reasonable diligence, have been known to the moving party earlier. In the present case, plaintiff

---

[5] Plaintiff also argues that, pursuant to the discovery rule, MCL 600.5838a(2); MSA 27A.5838(2), he learned of Dr. Johnson's involvement on January 30, 1998, and therefore, had six months from that date to file a complaint against Dr. Johnson. We disagree. The discovery rule period begins to run when, on the basis of objective facts, a plaintiff should have known of a possible cause of action. *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 222; 561 NW2d 843 (1997). "Once a plaintiff is aware of an injury and its possible cause, the plaintiff is equipped with the necessary knowledge to preserve and diligently pursue his claim." *Id.* at 223. Plaintiff was aware of the medical malpractice and obtained his medical records. While he timely filed a complaint against Dr. Marder, he failed to take the necessary steps to have the medical records transcribed or depose Dr. Marder regarding other medical consultations. Plaintiff failed to diligently pursue his claim against defendants and should have known of the cause of action. Accordingly, plaintiff's reliance on the discovery rule is without merit. Plaintiff cannot extend the discovery rule by failing to take steps to review the materials within his possession regarding nonparties.

does not dispute that defendants were in partnership with Dr. Marder, and therefore, Dr. Marder could not demonstrate good cause for failing to timely name defendants. The stipulation dispensing with the notice requirements benefited both Dr. Marder and plaintiff, who were no longer subject to the reasonable diligence requirement and could now ask the trier of fact to assess fault against defendants. MCR 2.112(K)(1). In *Eaton Co Bd of Co Rd Comm'rs v Schultz*, 205 Mich App 371, 378-379; 521 NW2d 847 (1994), our Court discussed stipulations:

> A "stipulation" . . . is an agreement, admission or concession made in a judicial proceeding by the parties or their attorneys, respecting some matter incident thereto. Its purpose is generally stated to be the avoidance of delay, trouble, and expense. [citing 73 Am Jur 2d, Stipulations, § 1, p 536.]

Stipulations of fact are binding, but stipulations of law are not binding. *Schultz, supra* at 379. In the present case, the parties' stipulation did not serve a proper accepted purpose, but assisted in circumventing legal requirements for providing notice to a nonparty at a time when the nonparty is not a participant in the litigation or in a position to object to the parties' action. We do not disavow the provisions in the court rules that allow for stipulations or those stipulations used for a proper accepted purpose.[6] Finally, we note that the dissent's conclusion that

---

[6] The dissent's conclusion that the court rule is designed to protect plaintiffs alone is also subject to dispute. The stated purpose provides:

> Subrule (K) is designed to protect the parties from undue surprises and unfair tactics. The notice requirements prevent a party from changing the entire focus of the litigation by introducing the alleged fault of a nonparty at a late stage in the litigation. [1 Dean

defendants were added within ninety-one days of
identification by Dr. Marder is completely unsupported by the record and contrary to the purpose or
need for the stipulation in the first place. The trial
court erred in failing to grant defendants' motion for
summary disposition.

Reversed.

SAAD, J., concurred.

O'CONNELL, J. (*dissenting*). I respectfully dissent
because I would affirm the trial court's denial of summary disposition. The original parties to this action
stipulated to forgo the notice provisions of MCR
2.112(K). The purpose behind the court rule was to
protect plaintiffs from unfair surprise and require
defendants to give notice of a nonparty's involvement
in the case before allowing the jury to consider the
nonparty's fault in causing the plaintiff's injuries. See
1 Dean & Longhofer, Michigan Court Rules Practice
(4th ed), § 2112.13, pp 296-297. Because the court
rule served to benefit plaintiffs in this action, I agree
with the trial court that the parties could validly stipulate to waive the application of the rule's notice provisions. Practitioners routinely stipulate to waive the

_____

& Longhofer, Michigan Court Rules Practice (4th ed), § 2112.13,
p 296.]

This language indicates that the protection afforded to plaintiffs is protection against having the focus of the action changed, but the protection
also serves to protect nonparties from being added at a late stage of the
litigation. That protection to nonparties was removed by the stipulated
action of the original parties to the complaint. Furthermore, we note that
all stipulations do not operate to decrease the backlog in most trial
courts. Rather, parties frequently use stipulations, such as to adjourn trial,
to delay trial for strategic purposes, or to delay when counsel is ill prepared to proceed at the scheduled time.

court rules, and the present case should be no different.[1]

The court below granted plaintiffs' motion to add the new defendants as parties to the action within ninety-one days of the date that Dr. Marder identified them. In doing so, plaintiffs met the requirements of MCL 600.2957(2); MSA 27A.2957(2), which provides that "a cause of action added under this subsection is not barred by a period of limitation . . . ." Consequently, plaintiffs' claims against the new defendants were not time-barred, as the majority concludes. In my view, the trial court properly denied the motion for summary disposition, and I would affirm.

---

[1] Stipulation to waive the court rules is a well-accepted practice of most seasoned attorneys. Generally, such stipulations save both the court and the parties numerous hours of research and time in court for what would otherwise be frivolous motions. Disallowing stipulations risks significantly increasing the backlog in most trial courts. The policy favoring stipulations is embodied throughout our court rules. See, e.g., MCR 2.116(A), 2.119(D), 2.316(B)(1), 2.405, 2.504(A)(1)(b), 2.507, 2.512(A), 7.310.