# STATE OF MICHIGAN

# COURT OF APPEALS

HANNAH RAYBA, f/k/a HANNAH BUGAISKI,

Plaintiff-Appellant,

v

No.   317346
St. Clair Circuit Court
LC No.   12-001845-NH

STEVEN SMOLINSKI, M.D., RIVER DISTRICT
WOMEN'S HEALTH, ST. JOHN RIVER
DISTRICT HOSPITAL, ST. JOHN HEALTH,
MICHAEL PAUL, M.D. and DR. NANCY
LABRADOR, M.D.,

Defendants,

and

PHYSICIANS HEALTHCARE NETWORK, P.C.
and PORT HURON HOSPITAL,

Defendants-Appellees.

HANNAH RAYBA, f/k/a HANNAH BUGAISKI,

Plaintiff-Appellee,

v

No.   318228
St. Clair Circuit Court
LC No.   12-001845-NH

STEVEN SMOLINSKI, M.D., RIVER DISTRICT
WOMEN'S HEALTH, ST. JOHN RIVER
DISTRICT HOSPITAL, and ST. JOHN HEALTH,

Defendants-Appellees,

and

MICHAEL PAUL, M.D., PORT HURON
HOSPITAL and DR. NANCY LABRADOR,
M.D.,

-1-

Defendants,

PHYSICIANS HEALTHCARE NETWORK, P.C.,

Defendant-Appellant.

_____

HANNAH RAYBA, f/k/a HANNAH BUGAISKI,

Plaintiff-Appellant,

v

STEVEN SMOLINSKI, M.D., RIVER DISTRICT
WOMEN'S HEALTH, ST. JOHN RIVER
DISTRICT HOSPITAL, ST. JOHN HEALTH,
DR. MICHAEL PAUL, M.D.,

Defendants,

and

PHYSICIANS HEALTHCARE NETWORK, P.C.,
PORT HURON HOSPITAL, and DR. NANCY
LABRADOR, M.D.,

Defendants-Appellees.

_____

No. 321323
St. Clair Circuit Court
LC No. 12-001845-NH

Before: FORT HOOD, P.J., and HOEKSTRA and O'CONNELL, JJ.

PER CURIAM.

In Docket No. 317346, plaintiff appeals by leave granted the trial court's orders granting summary disposition in favor of defendants Physicians Healthcare Network, P.C. ("Physicians Network"), and Port Huron Hospital, pursuant to MCR 2.116(C)(10). In Docket No. 318228, Physicians Network appeals by leave granted the trial court's order granting defendants Steven Smolinski, River District Women's Health, St. John River District Hospital, and St. John Health's motion for leave to file a notice of non-party fault naming Dr. Nancy Labrador. In Docket No. 321323, plaintiff appeals as of right the trial court's order granting summary disposition in favor of Dr. Labrador. Because the trial court properly granted summary disposition to Dr. Labrador based on the expiration of the applicable statute of limitations, we affirm in Docket No. 321323. The grant of summary disposition to Dr. Labrador served as an adjudication on the merits in relation to plaintiff's claims against Dr. Labrador, meaning that Port Huron Hospital and Physicians Network may not be held vicariously liable for Dr. Labrador's acts and omissions, and thus we also affirm the grant of summary disposition in Docket No. 321323. Finally, we dismiss the appeal in Docket No. 318228 because it is moot.

-2-

## I.  FACTS AND PROCEEDINGS

Dr. Smolinski performed surgery on plaintiff on April 28, 2010.  Plaintiff alleges that Dr. Smolinski inadvertently perforated her rectum during the surgery, and failed to recognize or repair this injury.  Plaintiff presented at the Port Huron Hospital Emergency Room on May 1, 2010, with abdominal pain consistent with a perforated rectum, but her treating physician failed to make the proper diagnosis.  Although hospital records identified plaintiff's attending physician in the emergency room as Dr. Michael Paul, plaintiff acknowledged at her deposition that she had not been seen by Dr. Paul, with whom she was acquainted, and Dr. Paul denied treating plaintiff.  Instead, plaintiff was treated by Dr. Labrador, a resident at another hospital who had been "moonlighting" at Port Huron Hospital on May 1, 2010.

On June 15, 2011, plaintiff sent a notice of intent to Dr. Labrador, Dr. Paul, Port Huron Hospital, Physicians Network[1] as well as Dr. Smolinski and his related entities, i.e., River District Women's Health, St. John River District Hospital, and St. John Health (collectively referred to as the "Smolinski defendants").  In relation to her visit to the emergency room, her notice of intent specifically asserted that there had been breaches of the applicable standard of care by both Dr. Labrador and Dr. Paul.

Thereafter, on April 30, 2012, plaintiff filed this malpractice action against the Smolinski defendants as well as Dr. Paul and his affiliated entities, i.e., Port Huron Hospital and Physicians Network.  Notably, although Dr. Labrador had been named in plaintiff's notice of intent, plaintiff did not name Dr. Labrador as a defendant, nor did she specifically allege that Port Huron Hospital or Physicians Network were vicariously liable for any alleged malpractice by Dr. Labrador.  Instead, plaintiff's complaint specifically alleged negligence by Dr. Paul, and asserted claims of vicarious liability against Port Huron Hospital and Physicians Network for "the acts or omissions of its employees, servants, agents actual or ostensible, including, but not limited to" Dr. Paul.[2]

The trial court granted summary disposition to Dr. Paul, Port Huron Hospital, and Physicians Network pursuant to MCR 2.116(C)(10) on the ground that there was no genuine issue of material fact that Dr. Paul did not provide any medical care for plaintiff and that consequently Port Huron Hospital and Physicians Network could not be held vicariously liable.  Plaintiff appeals that order by leave granted in Docket No. 317346.

---

[1] Physicians Network is a practice group whose physicians staffed the Port Huron Hospital Emergency Room.

[2] Plaintiff's complaint also alleged that Port Huron and Physicians Network could be held directly liable for their negligence in hiring, training, and monitoring its employees and agents.  On appeal, however, plaintiff does not challenge the dismissal of these direct liability claims.  Thus, we consider her claims of direct liability in relation to Port Huron and Physicians Network to be abandoned.  See *Ruff v Isaac*, 226 Mich App 1, 6; 573 NW2d 55 (1997).

After the trial court granted summary disposition to Port Huron Hospital and Physicians Network, Dr. Labrador was added as a defendant to the case. Specifically, in July 2013, the trial court first granted the Smolinski defendants leave to file notice of non-party fault regarding Dr. Labrador under MCR 2.112(K). Physicians Network opposed the trial court's decision in this regard and now appeals that order by leave granted in Docket No. 318228. Plaintiff, in contrast, did not oppose the Smolinski defendants' motion to file notice of non-party fault. After the Smolinski defendants filed their notice of non-party fault, the trial court then also granted plaintiff's motion for leave to file an amended complaint adding Dr. Labrador to the suit. Plaintiff thereafter filed an amended complaint naming Dr. Labrador as a defendant.

Dr. Labrador subsequently moved for summary disposition, which the trial court granted based on the statute of limitations. Plaintiff appeals the grant of summary disposition to Dr. Labrador as of right in Docket No. 321323. The three cases have been consolidated on appeal.

## II. DOCKET NO. 321323

Plaintiff previously acknowledged that Dr. Paul did not treat her at the emergency room and instead plaintiff's general theory of the case has become that Dr. Labrador provided negligent treatment, making Dr. Labrador directly liable and Port Huron Hospital and Physicians Network vicariously liable for Dr. Labrador's negligent conduct. We begin our analysis on appeal by considering the propriety of the trial court's grant of summary disposition to Dr. Labrador in Docket No. 321323 because we find this issue to be dispositive of plaintiff's arguments on appeal. In particular, an adjudication on the merits of medical malpractice claims against a physician, including dismissal based on the expiration of the period of limitations, precludes a patient from pursuing claims of vicarious liability against medical entities based on the physician's acts of negligence. *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 294-297; 731 NW2d 29 (2007). Consequently, if plaintiff's claims against Dr. Labrador were properly dismissed based on the expiration of the statute of limitations, it follows that she may not pursue claims of vicarious liability against Port Huron Hospital and Physicians Network premised on Dr. Labrador's negligence and that these entities, as well as Dr. Labrador, are entitled to summary disposition.

On appeal, plaintiff does not dispute that the applicable statute of limitations had expired at that time she amended her complaint to add Dr. Labrador as a defendant. Rather, plaintiff asserts that her amendment to include Dr. Labrador was timely because Dr. Labrador had been named as a non-party at fault by the Smolinski defendants pursuant to MCR 2.112(K). Given the Smolinski defendants' notice pursuant to MCR 2.112(K)(3)(c), plaintiff maintains that she could add Dr. Labrador to the suit under MCL 600.2957(2) without violating the statute of limitations.

We review de novo the trial court's grant of summary disposition. *Hofman v Boonsiri*, 290 Mich App 34, 39; 801 NW2d 385 (2010). Under MCR 2.116(C)(7), summary disposition is appropriate when a claim is barred by the statute of limitations. "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). When the facts are not in dispute, whether a cause of action is time barred by the applicable statute of limitations presents a question of law which this Court reviews de novo. *Trentadue v Buckler Lawn Sprinkler*, 479

Mich 378, 386; 738 NW2d 664 (2007). Issues involving the interpretation and application of court rules and statutes are also reviewed de novo. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014).

"The period of limitations for a medical malpractice action is ordinarily two years, MCL 600.5805(6), from 'the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim,' MCL 600.5838a(1)." *Sanders v Perfecting Church*, 303 Mich App 1, 9-10; 840 NW2d 401 (2013). However, pursuant to MCL 600.2957(2), following the identification of a non-party at fault, within 91 days, a plaintiff may move to amend his or her complaint to include the non-party and such amendment relates back to the originally filed complaint, meaning that a plaintiff's claims against the nonparty are not barred by the limitations period provided that the limitations period had not expired by the time the original action was filed. In particular, MCL 600.2957(2), states:

> Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.

For MCL 600.2957(2) to apply, however, there must first be notice of a non-party at fault in compliance with MCR 2.112(K). *Bint v Doe*, 274 Mich App 232, 235; 732 NW2d 156 (2007). Specifically, MCR 2.112(K) is a procedural rule designed to implement MCL 600.2957. *Id.* at 157-158. It "creates an orderly method for adding new parties that takes into account the need for a reasonable time frame for identification of the parties and the right to not be unfairly prejudiced as a result of the parties' failure to act diligently in the pursuit of their claims." *Staff v Johnson*, 242 Mich App 521, 532; 619 NW2d 57 (2000). When the parties have not complied with MCR 2.112(K), a plaintiff may not rely on MCL 600.2957(2) as an unlimited extension to add additional defendants after the expiration of the statute of limitations. *Id.* at 532-534. See also *Bint*, 274 Mich App at 235.

Relevant to resolution of the present dispute, to comply with MCR 2.112(K):

> The notice must be filed within 91 days after the party files its first responsive pleading. On motion, the court shall allow a later filing of the notice on a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party. [MCR 2.112(K)(3)(c)].

Under this provision, after 91 days of a party's first responsive pleading, a trial court errs in allowing late notice of non-party fault without a showing by the party that the facts underlying the late notice were not, and could not with reasonable diligence have been, known earlier. See *Snyder v Advantage Health Physicians*, 281 Mich App 493, 501-505; 760 NW2d 834 (2008). After a plaintiff has been served with a notice under MCR 2.112(K), the plaintiff "may file an

amended pleading stating a claim or claims against the nonparty within 91 days of service of the first notice identifying that nonparty." MCR 2.112(K)(4). In addition, under MCR 2.112(K)(4), the trial court "may permit later amendment as provided in MCR 2.118." In turn, MCR 2.118(A)(2) allows a party to amend a pleading upon leave of the court, and "[l]eave shall be freely given when justice so requires."

In this case, the Smolinski defendants were the parties serving notice of non-party fault under MCR 2.112(K)(3)(c), and plaintiff now seeks to use that notice as a basis for invoking MCL 600.2957(2). Because the Smolinski defendants delayed more than 91 days in filing the required notice,[3] they could move to file delayed notice, but were entitled to file such notice only upon a showing that "the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier" and the late filing did not unfairly prejudice the opposing party. MCR 2.112(K)(3)(c); *Snyder*, 281 Mich App at 501-502.

Initially, the trial court granted the Smolinski defendant's unopposed motion to file late notice of non-party fault because the Smolinski defendants maintained they had not known of Dr. Labrador's involvement until March of 2013 when Dr. Paul was deposed. The trial court later repudiated its earlier decision to grant this motion, however, when it became apparent to the trial court that the Smolinski defendants, as well as plaintiff, had long had knowledge of Dr. Labrador's role and nonetheless failed to include her in the suit. Specifically, the trial court explained:

> The evidence below shows a lack of diligence amongst the parties in this case.
>
> First, on June 15, 2011, Plaintiff filed her notice of intent to file a medical malpractice claim and Dr. Labrador was named in the notice.
>
> Second, on May 15, 2012, Plaintiff sent a letter to Defense Counsel stating "[p]lease be advised that Dr. Nancy Labrador was not named in the Complaint."
>
> Third, on August 1, 2012, Dr. Michael Paul filed his Affidavit of Non-Involvement that stated he did not treat Plaintiff and that it was Dr. Labrador that treated Plaintiff on May 1, 2010.
>
> Fourth, on August 8, 2012, Defense Counsel sent a letter to Plaintiff's Counsel confirming that Plaintiff had not named Dr. Labrador[.]
>
> Lastly, during Plaintiff's deposition on August 23, 2012, Plaintiff testified that she recalled seeing Dr. Labrador and that she was a woman [whereas Dr. Paul was a man].

---

[3] The Smolinski defendants filed their answer in June 2012, and the Smolinski defendants did not seek leave to file a notice of non-party fault until July 5, 2013.

Despite these obvious indications of Dr. Labrador's involvement, the Smolinski defendants did not seek leave to give notice that Dr. Labrador was a non-party at fault until July 5, 2013. From these uncontroverted facts, the trial court concluded that the "parties knew in advance the facts and with reasonable diligence knew Dr. Labrador was involved in the care of plaintiff at the onset of this case." Given this conclusion, the trial court specified that it had been error to grant the Smolinski defendants' motion to file a late notice of non-party fault and that the unopposed motion would not have been granted had the trial court been presented with the relevant information regarding the parties' knowledge of Dr. Labrador's involvement.

In other words, the trial court correctly determined that, contrary to its earlier ruling, the Smolinski defendants were not in fact entitled to file delayed notice of non-party fault under MCR 2.112(K)(3)(c) because the facts of Dr. Labrador's potential liability were known, and had long been known, to the Smolinski defendants. Cf. *Snyder*, 281 Mich App at 501-505. The notice provided by the Smolinski defendants thus failed to comply with the requirements of MCR 2.112(K)(3)(c), and plaintiff could not use their improper notice as a basis for amending her complaint and invoking MCL 600.2957(2). See *Staff*, 242 Mich App at 533-535; cf. *Bint*, 274 Mich App at 235-236 (concluding the plaintiffs could properly amend their complaint to add a party where the defendant complied with the notice requirements pertaining to non-party fault).

In opposition to this conclusion, plaintiff contends the trial court could not find the Smolinski defendants' notice failed to comply with MCR 2.112(K) because the trial court had itself granted the Smolinski defendants' motion to file the notice in question. This argument lacks merit because, under the court rules, the trial court had "explicit procedural authority to revisit an order while the proceedings are still pending and, on that reconsideration, to determine that the original order was mistaken, as the trial court did here." *Hill v City of Warren*, 276 Mich App 299, 307; 740 NW2d 706 (2007). See also MCR 2.604(A). Thus, on the facts of this case, despite its original decision to grant the Smolinski defendants' motion, the trial court did not err in concluding, based on the evidence presented, that the Smolinski defendants were not entitled to file a delayed notice of non-party fault under MCR 2.112(K)(3)(c) because they had long known of Dr. Labrador's involvement in plaintiff's treatment.

In sum, the Smolinski defendants' notice of Dr. Labrador's non-party fault was invalid, meaning that plaintiff could not rely on this notice to make use of the extension provision under MCL 600.2957(2). Because the applicable period of limitations had expired, MCL 600.5805(6), Dr. Labrador was thus entitled to summary disposition pursuant to MCR 2.116(C)(7).[4] For these reasons, we affirm the trial court's order granting summary disposition in favor of Dr. Labrador.

---

[4] Plaintiff also argues on appeal that her efforts to add Dr. Labrador were timely because there was "falsification" of her emergency room records that constituted fraudulent concealment of Dr. Labrador's identity, entitling plaintiff to invoke MCL 600.5855, which provides that, in cases where a claim or a wrongdoer's identity is fraudulently concealed, an action "may be commenced at any time within 2 years after the person who is entitled to bring the action discovers . . . the existence of . . . the identity of the person who liable for the claim, although the action would otherwise be barred by the period of limitations." Plaintiff's reliance on this

Given our conclusion that Dr. Labrador was entitled to summary disposition based on the expiration of the applicable statute of limitations, we also conclude that Port Huron Hospital and Physicians Network are entitled to summary disposition.[5] That is, as noted, an adjudication on the merits of medical malpractice claims against a physician precludes a patient from pursuing claims of vicarious liability against medical entities based on the physician's acts of negligence. *Al-Shimmari*, 477 Mich at 294-297. Dismissal of an untimely complaint based on the expiration of the period of limitation constitutes an adjudication on the merits. *Verbrugghe v Select Specialty Hosp-Macomb Co, Inc*, 279 Mich App 741, 744; 760 NW2d 583 (2008). Because, at this time, there has been an adjudication on the merits pertaining to Dr. Labrador's liability, it follows that plaintiff may not pursue claims against Port Huron Hospital and Physicians Network premised on a theory of vicarious liability arising from Dr. Labrador's purported wrongdoing. See *Al-Shimmari*, 477 Mich at 294-297. Aside from Dr. Labrador, plaintiff concedes that Dr. Paul was not her treating physician and she identifies no other actor for whose negligence Port Huron Hospital and Physicians Network should be held vicariously liable. Consequently, Port Huron Hospital and Physicians Network are entitled to summary disposition.

We note that, when the trial court granted summary disposition to Port Huron Hospital and Physicians Network, there had not yet been an adjudication of Dr. Labrador's liability. On appeal, plaintiff argues that this fact distinguishes the present case from *Al-Shimmari*. Specifically, plaintiff maintains that because summary disposition had been granted to Port Huron Hospital and Physicians Network before summary disposition was granted to Dr. Labrador, the subsequent grant of summary disposition to Dr. Labrador cannot make proper the dismissal of Port Huron Hospital and Physicians Network.

Clearly, given that Port Huron Hospital and Physicians Network had been granted summary disposition before Dr. Labrador, the adjudication of Dr. Labrador's liability on statute of limitations grounds did not, and could not, form the basis of the trial court's decision to grant summary disposition to Port Huron Hospital and Physicians Network. Consequently, our reasoning on appeal obviously differs from that of the trial court. Nonetheless, even assuming arguendo that the trial court's grant of summary disposition to Port Huron Hospital and Physicians Network was erroneous at the time it was granted, there has since been an adjudication of Dr. Labrador's liability and this adjudication now prevents plaintiff from arguing the merits of her negligence claims involving Dr. Labrador, meaning that she is thus currently unable to establish vicarious liability against Port Huron Hospital or Physicians Network. See *Al-Shimmari*, 477 Mich at 295-296. In these circumstances, even if the trial court's grant of summary disposition was improper at the time it was entered, subsequent events prevent plaintiff

___

provision is misplaced because it is not apparent that the records were deliberately falsified and, in any event, plaintiff knew from the outset that Dr. Labrador, not Dr. Paul, treated her in the emergency room. Accordingly, plaintiff is not entitled to rely on MCL 600.5855.

[5] In light of this conclusion, we find it unnecessary to address plaintiff's additional arguments on appeal relating to these defendants, including, for example, assertions that her complaint was broad enough to allege vicarious liability based on acts by Dr. Labrador, arguments regarding her ability to amend the complaint, and claims of equitable estoppel.

from now pursuing claims of vicarious liability and there would simply be no point to reversing the trial court's grant of summary disposition to Port Huron Hospital and Physicians Network. We thus affirm the trial court's grant of summary disposition to Physicians Network and Port Huron Hospital. See generally *Gleason v Mich Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").

## IV. DOCKET NO. 318228

Finally, Physicians Network challenges the trial court's order granting the Smolinski defendants' motion for leave to file delayed notice of non-party fault concerning Dr. Labrador. Specifically, Physicians Network argues that the trial court erred in denying its motion for reconsideration of that order. We conclude that this issue is moot.

"An issue is moot when a judicial determination cannot have any practical legal effect on the existing controversy." *Moody v Home Owners Ins Co*, 304 Mich App 415, 446; 849 NW2d 31 (2014). Here, the trial court has already acknowledged its error in granting the Smolinski defendants' motion to file delayed notice of non-party fault pertaining to Dr. Labrador. Moreover, the Smolinski defendants, who filed the notice of non-party fault, have been dismissed from this action and Dr. Labrador was properly granted summary disposition. Thus, any comparative fault between the Smolinski defendants and Dr. Labrador is no longer at issue. Accordingly, Physicians Network's appeal in Docket No. 318228 is dismissed as moot.

Affirmed in part and dismissed in part.

/s/ Karen M. Fort Hood
/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell