# STATE OF MICHIGAN

# COURT OF APPEALS

CHERYL GRACE LEMAUX,

      Plaintiff-Appellant,

v

ANTHONY BRIAN LEMAUX,

      Defendant-Appellee.

UNPUBLISHED
May 21, 2015

No. 320236
Wayne Circuit Court
LC No. 92-220739-DM

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

This appeal arises out of the divorce of plaintiff, Cheryl Lemaux, and defendant, Anthony Lemaux. Plaintiff appeals as of right from an order dismissing her claim seeking a portion of defendant's pension and employment benefits. We vacate and remand for further proceedings.

## I. BACKGROUND

Plaintiff and defendant were married on February 2, 1979. On July 27, 1992, plaintiff filed a divorce complaint against defendant. When plaintiff was unable to locate defendant to serve him with the complaint, the trial court ordered her to publish notice of the proceedings in the Detroit Legal News for three consecutive weeks. When defendant still did not appear, on February 2, 1993, the trial court entered a default judgment of divorce in favor of plaintiff. However, the court reserved the issue of plaintiff's entitlement to defendant's employment benefits and pension rights for future adjudication.

In 2012, plaintiff filed a motion to assess her interest in defendant's pension and employment benefits, alleging that she was entitled to 50% of defendant's pension. On June 10, 2013, defendant filed a response to plaintiff's motion, asserting that plaintiff's claim was time barred by the 10-year statute of limitations set forth in MCL 600.5809. The trial court entertained arguments regarding plaintiff's motion, and ordered the parties to submit supplemental briefing on the issue of the reserved pension interest and whether this Court's opinion in *Yeo v Yeo*, 214 Mich App 598; 543 NW2d 62 (1995) was applicable to the case. Both parties submitted supplemental briefs on the issue of whether plaintiff's claim was time barred.

On October 9, 2013, the parties both appeared for a status conference. Following the conference, the trial court suggested that the parties consult an expert in pension benefits to determine if reaching a settlement would be more beneficial. The court ordered the parties to

-1-

call the court on or before October 23, 2013, to provide an update. Plaintiff did not call by the specified date. The court then scheduled a conference call for December 5, 2013, but plaintiff and her counsel failed to appear. In response, the trial court sua sponte dismissed plaintiff's claim without prejudice, stating that "[t]his [was] not the first time Plaintiff's Counsel failed to appear for a scheduled conference." After the dismissal, the trial court denied plaintiff's motion to reinstate the case.

## II. STANDARD OF REVIEW

We review a trial court's decision to dismiss a case for failure to comply with a court order for an abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008). A trial court abuses its discretion when it reaches a decision that falls outside of the range of principled outcomes. *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). The interpretation of a court rule is a question of law that we review de novo. *ISB Sales Co v Dave's Cakes*, 258 Mich App 520, 526; 672 NW2d 181 (2003).

## III. DISCUSSION

Plaintiff contends that the trial court abused its discretion when it dismissed her case without considering the guidelines set forth in *Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995), and without evaluating any other available options on the record. We agree.

MCR 2.401(G) sets forth the rules governing a party's failure to attend or to participate in a scheduled conference. MCR 2.401(G) provides the following:

> (1) Failure of a party or the party's attorney . . . to attend a scheduled conference or to have information and authority adequate for responsible and effective participation in the conference for all purposes, including settlement, as directed by the court, may constitute a default to which MCR 2.603 is applicable or a ground for dismissal under MCR 2.504(B).

MCR 2.504(B) governs the procedure for involuntary dismissal, and provides the following:

> (1) If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims.

Plaintiff first contends that the trial court abused its discretion in dismissing her claim because a trial court may not order dismissal sua sponte. As indicated above, MCR 2.504(B)(1) expressly allows a trial court to dismiss a party's claim sua sponte. Thus, plaintiff's first contention is without merit. The trial court did not abuse its discretion in this regard.

Plaintiff also argues that the trial court abused its discretion because it was required to consider a list of factors in determining an appropriate sanction and did not evaluate other options on the record. "Dismissal is a drastic step that should be taken cautiously." *Vicencio*, 211 Mich App at 506. "Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and

proper." *Id.* A trial court's failure to consider other options constitutes an abuse of discretion. *Id.* A list of factors courts should consider when dismissing a case includes the following:

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio*, 211 Mich App at 507.]

The trial court did not hold a hearing to determine whether dismissal was appropriate, and the only evidence on this issue available in the record is the order of dismissal. The order states the following:

> **THIS MATTER** having come before the Court pursuant to a *Status Phone Conference,* and Plaintiff or Plaintiff's Counsel having failed to appear although properly notified of the hearing date and time, and the Court being duly advised in the premises:
>
> **IT IS HEREBY ORDERED** that this matter is **DISMISSED** without prejudice due to Plaintiff's Counsel's failure to appear for the *Status Phone Conference* scheduled at 9:00AM. Defendant's Counsel appeared in person before this Court for said conference. This is not the first time Plaintiff's Counsel failed to appear for a scheduled conference. Plaintiff's Counsel's office indicated that there was no way to reach Counsel.

Without further analysis, the trial court dismissed plaintiff's case after concluding that this was "not the first time" plaintiff's counsel failed to appear for a scheduled conference. It is unclear whether plaintiff's counsel's absence at the conference was willful or accidental. The record provides no evidence that defendant was prejudiced by plaintiff and her counsel's failure to appear. Although plaintiff and her counsel failed to comply with a court order to provide an update by October 23, 2013, and failed to attend the phone conference on December 5, 2013, the record reveals that before these incidents, plaintiff was actively participating in the proceedings and complying with court orders. Plaintiff fully participated in the arguments on her motion, provided supplemental briefing when the court requested it, and participated in previous status conferences. The record provides no evidence that plaintiff had a history of attempting to deliberately delay the case. There is also no evidence that the trial court considered any options besides dismissal. Under these circumstances, the trial court abused its discretion when it dismissed plaintiff's claim.[1]

---

[1] Plaintiff additionally argues that the trial court should have excused the failure to appear because dismissal would result in manifest injustice because divorce proceedings are equitable in nature and dismissal is not a fair result, and because the failure to appear was not due to culpable negligence. See MCR 2.401(G)(2)(a) and (b). Because we conclude that the court did not

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola

---

sufficiently comply with the procedural instructions of *Vicencio* in dismissing plaintiff's claim, we need not reach these arguments.