HESSEL v HESSEL

Docket No. 99307. Submitted March 4, 1988, at Grand Rapids. Decided May 2, 1988.

Mary F. Hessel filed a complaint in Muskegon Circuit Court seeking a divorce from Clair Leroy Hessel. Defendant submitted an offer to stipulate to the entry of a judgment providing for a property settlement, under the terms of which plaintiff was to receive property valued by defendant at $143,200 and defendant was to receive property valued by him at $105,200. Plaintiff rejected the offer. Following trial, the court, R. Max Daniels, J., awarded plaintiff $105,971.39 and defendant $105,961.38 in dividing the parties' assets. Contending that under the proposed stipulated judgment rejected by plaintiff he would have received a less favorable settlement, defendant moved for the imposition of costs and attorney fees under MCR 2.405, the court rule governing offers to stipulate to the entry of judgment. The court denied the motion. Defendant appealed.

The Court of Appeals *held:*

1. MCR 2.405 and the sanctions which may be imposed thereunder do not apply to proposed property settlements in divorce cases. Under this court rule, "offer" is defined as a written notification to an adverse party of the offeror's willingness to stipulate to the entry of a judgment in a sum certain. A proposed property settlement does not offer a sum certain; it offers a division of marital property. Additionally, MCR 2.405 contemplates that the trier of fact entered a "verdict" in the case. However, a court's property division in a divorce case represents an equitable distribution of the parties' marital assets, not a determination of liability or damages.

2. Defendant's other claims on appeal are without merit.

Affirmed.

DIVORCE — PROPERTY SETTLEMENTS — OFFERS TO STIPULATE TO ENTRY
    OF JUDGMENT — COURT RULES.

The court rule governing offers to stipulate to the entry of

REFERENCES

Am Jur 2d, Divorce and Separation §§ 415 *et seq.,* 817 *et seq.*

What law governs validity, effect, and construction of separation or property settlement agreements. 18 ALR2d 760.

judgments does not apply to proposed property settlements in divorce cases; thus, sanctions pursuant to this rule such as costs and attorney fees may not be imposed on a party who rejects an offer to stipulate to a judgment regarding a division of marital property (MCR 2.405).

*Potuznik, Spaniola, Wilson, Anderson & Nolan, P.C.* (by *Denis V. Potuznik*), for plaintiff.

*S. I. Rosenberg & Associates, P.C.* (by *S. I. Rosenberg*), for defendant.

Before: J. B. SULLIVAN, P.J., and MACKENZIE and G. SCHNELZ,* JJ.

PER CURIAM. Defendant husband appeals as of right from the parties' judgment of divorce and an order of the trial court denying his motion to assess costs. This case presents a question of first impression: whether MCR 2.405, governing offers to stipulate to entry of judgment, applies to proposed property settlements. We hold that it does not and affirm.

The parties were married in 1952. This was the third marriage for both. No children were born of the marriage. At the time of trial, both plaintiff and defendant were seventy-four years old. The only item of significant dispute between the parties was the division of property.

Defendant raises three issues, all of which are procedural and which arise from the following facts. Plaintiff wife filed her complaint for divorce on April 9, 1986. On May 27, 1986, defendant submitted an offer to stipulate to entry of judgment which proposed a property settlement based on his $284,400 valuation of the parties' assets. Under the proposed settlement plaintiff would

* Circuit judge, sitting on the Court of Appeals by assignment.

receive certain property valued by defendant at $143,200 and defendant would receive certain property which he valued at $105,200. Plaintiff rejected the offer.

The case went to trial on November 14, 1986. An in-chambers conference was called before defendant had finished his proofs as to the value of certain property. After the conference, the court ruled that the parties' assets should be evenly divided and ordered both attorneys to submit a suggested property division. The court on November 26, 1986, issued an opinion placing the total value of the parties' assets at $204,980 and ordering that each party receive $102,490 in property. Additional assets not included in the valuation were ordered to be sold and the proceeds evenly divided.

Defendant subsequently filed a motion to amend and supplement the trial court's findings of fact and conclusions of law. According to defendant, the court's opinion failed to take into consideration an insurance policy issued to plaintiff, failed to divide three bank accounts, and failed to order plaintiff to pay certain taxes. The motion further noted that defendant was not allowed at trial to complete his proofs. Along with the motion to amend, defendant also filed a motion to assess costs under MCR 2.405. Defendant contended that because his May 27, 1986, offer would have distributed to him $104,000 in property, while the court's opinion awarded him "not less than $109,000," he was entitled to costs and attorney fees of $6,881.15.

A hearing on defendant's motions was held on December 22, 1986. At the hearing, the court noted that defendant's objections to its opinion went to matters not in evidence and ordered a continuation of the trial on February 12, 1987, so

that defendant could put on additional proofs. Defendant's motion to assess costs was not reached.

On January 2, 1987, approximately six weeks before the continuation of trial, defendant filed with the court clerk a proposed final judgment of divorce. This judgment (1) awarded defendant costs and attorney fees, (2) ordered an offset for plaintiff's insurance policy, (3) ordered a division of the three bank accounts, and (4) ordered plaintiff to pay certain taxes. Plaintiff's attorney was on vacation when defendant submitted the proposed judgment and did not respond. After seven days, the court clerk submitted the proposed judgment to the trial judge, who signed it on January 12, 1987. On January 14, 1987, the court sua sponte entered an order voiding the judgment as improperly submitted by defendant's counsel.

At the February 12 trial, a dispute ensued as to whether trial should begin anew or continue with the taking of additional proofs. The court and the attorneys eventually agreed to adopt the existing evidence, the property division as set forth in the court's November 26 opinion, and the values established in that opinion. Following the taking of further proofs, the court awarded plaintiff $105,971.39 and defendant $105,961.38 in assets. Again, additional property not included in the valuation was ordered to be sold and the proceeds equally divided.

At the conclusion of the trial, the court denied defendant's motion for costs and attorney fees. A judgment of divorce incorporating the court's February 12 ruling was entered on March 2, 1987.

On appeal, defendant first contends that the trial court erred in refusing to award him costs and attorney fees pursuant to MCR 2.405, govern-

ing offers to stipulate to entry of judgment. MCR 2.405(D)(1) and (3) provide:

(D) Imposition of Costs Following Rejection of Offer. If an offer is rejected, costs are payable as follows:

(1) If the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs incurred in the prosecution or defense of the action.

\* \* \*

(3) The court shall determine the actual costs incurred. The court may, in the interest of justice, refuse to award an attorney fee under this rule.

Pertinent definitions are enumerated at MCR 2.405(A):

(1) "Offer" means a written notification to an adverse party of the offeror's willingness to stipulate to the entry of a judgment in a sum certain, which is deemed to include all costs and interest then accrued. If a party has made more than one offer, the most recent offer controls for the purposes of this rule.

\* \* \*

(3) "Average offer" means the sum of an offer and a counteroffer, divided by two. If no counteroffer is made, the offer shall be used as the average offer.

(4) "Verdict" means the award rendered by a jury or by the court sitting without a jury, excluding all costs and interest.

(5) "Adjusted verdict" means the verdict plus interest and costs from the filing of the complaint through the date of the offer.

(6) "Actual costs" means the costs and fees taxable in a civil action and a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment.

Defendant contends that since the "adjusted verdict" to plaintiff (which he computes to be $107,513.34, including fees and interest) was less favorable to her than the "average offer" (which he computes to be $112,375.81), the court was required to apply the sanctions of MCR 2.405(D)(1) and (3) against plaintiff. We disagree.

Defendant is correct that MCR 3.201, specifying which court rules govern in domestic relations actions, states that the general rules of procedure apply to such actions unless otherwise provided. Nowhere in the domestic relations rules is MCR 2.405 excepted from application. Nevertheless, we are convinced that the Supreme Court did not intend MCR 2.405 to apply to proposed property settlements.

The definition of an "offer" at MCR 2.405(A)(1), quoted above, refers to the offer of a sum certain. A proposed property settlement does not offer a sum certain; it offers a division of marital property. This case is illustrative: defendant "offered" plaintiff real estate, a car, household furnishings, and certificates of deposit which would presumably vary in worth depending on when they were withdrawn. In no sense of the phrase can these items be equated with a "sum certain." Even if the worth of the property were considered a "sum" for purposes of MCR 2.405, such worth is by no means "certain," as this case also demonstrates. Defendant valued the property he offered plaintiff at $143,200, while the trial court's valuation of that same property was approximately $108,000.

MCR 2.405 contemplates that the trier of fact entered a "verdict" in the case. We doubt that the Supreme Court intended the property settlement provisions of a divorce judgment to constitute a "verdict." A court's property division represents an equitable distribution of the parties' marital

assets, not a determination of liability or damages. Similarly, the definition of "adjusted verdict" at MCR 2.405(A)(5) appears to assume the automatic imposition of prejudgment interest. Yet, the property distribution in a divorce judgment is not a money judgment within the meaning of the prejudgment interest statute. See, e.g., *Saber v Saber*, 146 Mich App 108, 112; 379 NW2d 478 (1985).

We also note that MCR 3.211, governing domestic relations mediation, expressly states that "[t]here will be no sanctions against either party for accepting or rejecting the mediator's recommendation," and indeed goes so far as to prevent the court from learning the identity of the rejecting party. MCR 3.211(H)(4) (effective October 1, 1987). We are of the opinion that the policy behind that rule should apply with equal force to situations where a party to a domestic relations case rejects an offer to stipulate to entry of judgment. Accordingly, we hold that MCR 2.405 does not apply to proposed property settlements in divorce cases.

Defendant's remaining arguments require little discussion. Defendant contends that the court's sua sponte order voiding the January 12, 1987, judgment constituted an abuse of discretion because that judgment was properly entered under the seven-day rule of MCR 2.602(B)(3). We disagree. By its own terms, MCR 2.602(B)(3) comes into operation "[w]ithin 7 days *after the granting of the judgment."* (Emphasis added.) In this case, not only had a judgment not yet been rendered, but defendant's proofs had not been completed. We find no abuse of discretion in the court on its own motion setting aside the "judgment."

Defendant's final claim is that the trial court erred in ordering a new trial on February 12, 1987. Because both attorneys and the court agreed

on the record that the February 12 proceedings would be confined to proofs on and resolution of issues not addressed during the November proceedings, we find no error.

Affirmed.