BEST FINANCIAL CORPORATION v LAKE STATES
INSURANCE COMPANY

Docket No. 218881. Submitted November 8, 2000, at Grand Rapids.
Decided April 20, 2001, at 9:05 A.M.

Best Financial Corporation brought an action in the Clare Circuit
Court against Lake States Insurance Company, alleging and seeking
damages for breach of contract. The defendant offered to stipulate
the entry of a $15,000 judgment in favor of the plaintiff. After a
telephone discussion and exchange of letters between counsel, the
plaintiff filed an acceptance of the offer of judgment and subse-
quently moved for the entry of judgment in accordance with the
offer. The court, Kurt N. Hansen, J., granted the motion. The defen-
dant appealed, claiming that the court erred in granting the motion
because the offer, as a result of the telephone discussion and the
exchange of letters, had been withdrawn or modified before it was
accepted.

The Court of Appeals *held*:

The trial court properly entered judgment in favor of the plaintiff
pursuant to the terms of the defendant's offer of judgment inas-
much as the telephone discussion and the exchange of letters
between counsel had no effect on the validity of the offer and the
plaintiff's acceptance of the offer.

1. The defendant did not withdraw or modify its offer of judg-
ment as a result of the telephone discussion. Under MCR 2.405, a
party may withdraw or modify an offer of judgment by making a
new offer. MCR 2.405(A)(1) defines "offer" to mean a written notifi-
cation to an adverse party of the offeror's willingness to stipulate
the entry of a judgment in a sum certain. In this case, a new offer
could not have been made during the telephone discussion
between counsel in view of the court rule's requirement that offers
be in written form.

2. Plaintiff's counsel, in his letter to defense counsel, did not
reject the defendant's offer of judgment in indicating that additional
funds would be necessary if the defendant wanted the plaintiff to
agree to conditions that were not part of the offer of judgment.
Plaintiff's counsel merely expressed the correct view that the offer

of judgment was separate and distinct from the settlement negotiations the parties were then still conducting.

3. The letter from plaintiff's counsel to defense counsel did not constitute a counteroffer under the court rule, but merely proposed further settlement negotiations.

Affirmed.

PRETRIAL PROCEDURE — OFFERS OF JUDGMENT — NEW OFFERS.

A party who has made an offer to stipulate the entry of a judgment in a sum certain in favor of the opposing party may modify or withdraw the offer by making a new offer of judgment; like the initial offer, the new offer must be in writing (MCR 2.405).

*Aleck Law Firm, P.C.* (by *Ghazey H. Aleck*), for the plaintiff.

*Beier Howlett, P.C.* (by *Richard A. Joslin, Jr.*), for the defendant.

Before: NEFF, P.J., and MURPHY and GRIFFIN, JJ.

PER CURIAM. Plaintiff Best Financial Corporation, doing business as Best Insurance Agency, Inc., sued defendant Lake States Insurance Company for breach of contract, alleging that defendant wrongfully withdrew plaintiff's authority to bind new business. Mediation resulted in an award in plaintiff's favor in the amount of $15,000; plaintiff accepted the mediation award, and defendant rejected it. An unsuccessful settlement conference followed mediation. Apparently, the settlement discussions centered on a payment of $15,000 as well as some additional conditions that plaintiff was not willing to meet.

Defendant then made an unconditional offer to stipulate the entry of a judgment pursuant to MCR 2.405 to resolve the matter for $15,000. After a telephone discussion between counsel and an exchange of letters, plaintiff filed an acceptance of the offer of judgment and subsequently moved for entry of judgment

in accordance with the offer. The trial court granted plaintiff's motion. Defendant appeals as of right. We affirm.

I

Defendant argues that the court erred in granting plaintiff's motion for entry of judgment pursuant to MCR 2.405 because the offer of judgment was withdrawn or modified before it was accepted. Whether the judgment was properly entered pursuant to MCR 2.405 presents a question of law, which we review de novo. *In re Gosnell*, 234 Mich App 326, 333; 594 NW2d 90 (1999).

Although MCR 2.405 contains no specific provision for withdrawing or modifying an offer of judgment, the definition of "offer" indicates that a party may withdraw or modify an offer by making a new offer of judgment. MCR 2.405(A)(1) states:

> "Offer" means a written notification to an adverse party of the offeror's willingness to stipulate to the entry of a judgment in a sum certain, which is deemed to include all costs and interest then accrued. *If a party has made more than one offer, the most recent offer controls for the purposes of this rule.* [Emphasis added.]

Thus, a party who has made an offer may modify or withdraw the offer by making a new offer of judgment under the rule.

II

Defendant argues that the contacts between counsel after it filed the offer of judgment, but before plaintiff accepted, withdrew or modified the offer of

judgment. However, we view these contacts, a telephone conversation and an exchange of correspondence, as a continuation or reinitiation of settlement negotiations carried on in parallel with the offer of judgment procedures under MCR 2.405. This was precisely how the trial court viewed the facts, and we are in agreement with its analysis. The contacts between counsel did not amount to action under the court rule.

A

Defendant did not make a new offer of judgment by which it withdrew or modified the previous offer of judgment.

1

The telephone conversation between counsel was inconsequential for purposes of MCR 2.405. In order for a new offer to supersede a prior offer, the new offer must be in the form of a "written notification." MCR 2.405(A)(1). This verbal communication could not qualify as an offer under the court rule.

2

The letter sent by defense counsel likewise failed to meet the definition of an "offer" under MCR 2.405(A)(1). The letter stated, in pertinent part:

> This will confirm our recent telephone conversation regarding the terms and conditions associated with our Offer of Judgment. As we discussed, at the recent Settlement Conference the payment of the $15,000.00 is contingent upon a dismissal of this case with a Confidentiality

Agreement and a termination of the relationship between
Best Insurance and Lake States.

There were no "terms and conditions associated" with
the offer of judgment filed by defendant, which
merely offers to stipulate judgment in the amount of
$15,000 inclusive of costs and interest pursuant to
MCR 2.405.

Defendant argues that the letter proposed a new
offer, one that included conditions, which superseded
the prior offer of judgment. However, under MCR
2.405(A)(1), an offer of judgment means "a written
notification . . . of the offeror's willingness to stipu-
late to the entry of a judgment in a sum certain . . . ."
The language of the letter references the discussion
that took place at the settlement conference with
regard to the conditions defendant sought to impose
in addition to payment of the proposed settlement
amount; in essence, it continued the settlement
discussion.

From defendant's perspective, defense counsel's let-
ter at best indicates a willingness to stipulate the
entry of a judgment with particular conditions
attached and therefore fails to comply with the
requirements of MCR 2.405. Because of the insistence
on conditions, the offer, if any, was not for a "sum
certain" as required under MCR 2.405(A)(1). Compare
*Central Cartage Co v Fewless*, 232 Mich App 517, 530-
533; 591 NW2d 422 (1998) (an offer to stipulate the
entry of judgment of $90,000 in three equal annual
installments at eight percent interest constituted a
"sum certain"), with *Hessel v Hessel*, 168 Mich
App 390, 395; 424 NW2d 59 (1988) (a proposed prop-
erty settlement in a divorce action does not involve a
"sum certain" under MCR 2.405). See also 2 Dean &

Longhofer, Michigan Court Rules Practice (4th ed), § 2405.2, p 565 ("The rule does not require that the offer be in any particular form, other than that it be in writing and contain an *unconditional* offer to stipulate to the entry of judgment in a sum certain."). Because defense counsel's letter did not involve a new offer under MCR 2.405(A)(1), the original offer remained in effect.

B

Defendant also focuses on the letter of plaintiff's counsel in arguing that communications between the parties constituted action under MCR 2.405. Again we disagree.

1

Defendant argues that plaintiff's counsel's letter constituted a rejection of the offer of judgment because counsel sought additional funds. The language of the court rule defeats this argument.

MCR 2.405(C)(2) states:

> An offer is rejected if the offeree
> (a) expressly rejects it in writing, or
> (b) does not accept it as provided by subrule (C)(1).

Plaintiff's counsel's letter to defense counsel clearly expressed his view that the offer of judgment and settlement procedures were separate and distinct. He stated his position that the offer of judgment procedure did not allow for the imposition of conditions and that if defendant wanted to pursue adding conditions to an agreement between the parties, a settlement might be possible for a sum in excess of the

$15,000 contained in the formal offer of judgment. The letter did not expressly reject the offer of judgment made pursuant to MCR 2.405, i.e., the unconditional offer to stipulate a judgment in favor of plaintiff for $15,000. Plaintiff merely indicated that additional funds would be necessary if defendant wanted plaintiff to agree to conditions that were not part of the offer of judgment. Again, the concept of continuing settlement negotiations is implied, separate and apart from the offer of judgment under MCR 2.405.

2

Plaintiff's letter also did not amount to a counteroffer under the court rule. A "counteroffer" for purposes of MCR 2.405 is "a written reply to an offer, served within 21 days after service of the offer, in which a party rejects an offer of the adverse party and makes his or her own offer." MCR 2.405(A)(2). Defendant argues that plaintiff made a counteroffer because plaintiff proposed that additional funds be paid. Plaintiff "did not make his or her own offer." At most, plaintiff's letter invited defendant to negotiate a settlement to resolve their conflicting views with regard to the conditions defendant deemed important. As explained in *Hanley v Mazda Motor Corp*, 239 Mich App 596, 603; 609 NW2d 203 (2000) (citations omitted), "although an offer of judgment under MCR 2.405 is a tool to promote settlement of a cause of action, it is different from settlement negotiations." Here, plaintiff neither expressly rejected the offer of judgment nor made a "counteroffer" as defined in the court rule; counsel merely proposed further settlement negotiations.

C

In sum, because the telephone conversation and the exchange of letters did not have any effect on the validity of the initial offer of judgment, we conclude that plaintiff could accept the offer of judgment as provided in MCR 2.405(C)(1), which it did. The trial court therefore properly entered judgment in favor of plaintiff pursuant to the terms of the offer of judgment.

Affirmed.