KNUE v SMITH

Docket No. 255702. Submitted December 7, 2005, at Grand Rapids.
    Decided December 13, 2005, at 9:10 a.m. Leave to appeal sought.
Daniel and Jacqueline Knue brought an action in the Ottawa Circuit
    Court against Joan, Steve, and Cornelius C. Smith, seeking to
    quiet title to a portion of land occupied by the Knues and their
    predecessors in interest following an erroneous survey, but owned
    by the Smiths. Before trial, the Knues offered to stipulate the
    entry of a judgment with prejudice and without costs in return for
    paying $3,000 to the Smiths. The offer was not accepted by the
    Smiths. After a bench trial, the court, Calvin L. Bosman, J.,
    granted quieted title in favor of the Knues and awarded them costs
    of $699.26. The Knues filed a motion under MCR 2.405(D)(1) for
    actual costs and attorney fees totaling $24,234.75, contending that
    they had offered to stipulate the entry of a judgment that the
    Smiths rejected, and the adjusted verdict was more favorable to
    the Knues than the offer. The court granted the motion. The
    Smiths appealed.

    The Court of Appeals *held*:

    1. The trial court did not abuse its discretion in its award of
costs and attorney fees under MCR 2.405. The purpose of that
rule is to encourage settlement and to deter protracted litiga-
tion. MCR 2.405(D)(1) imposes actual costs on the offeree
following the rejection of an offer to stipulate the entry of a
judgment if the verdict is more favorable to the offeror than the
offer that was tendered. Equitable claims come under this court
rule if, as in this case, there is an offer of a sum certain without
separate conditions.

    2. MCR 2.405(D)(3) provides for an exception in the interest of
justice to the general rule of sanctions where an unusual circum-
stance exists, such as when the law is unsettled and substantial
damages are at issue, gamesmanship is involved, or there is a
public interest purpose to the litigation. No unusual circumstance
exists to warrant the application of the interest of justice exception
in this case.

    Affirmed.

1. Pretrial Procedure — Offers of Judgment — Sanctions.

    The court rule that provides for sanctions for the refusal of an offer to stipulate the entry of judgment where the adjusted verdict is more favorable to the offeror than the offer applies to equitable claims where there is an offer of a sum certain without separate conditions (MCR 2.405[O]).

2. Pretrial Procedure — Offers of Judgment — Sanctions — Interest of Justice Exception.

    The interest of justice exception to the general rule of sanctions for the rejection of an offer to stipulate the entry of judgment applies when an unusual circumstance exists, such as when the law is unsettled and substantial damages are at issue, gamesmanship is involved, or there is a public interest purpose to the litigation (MCR 2.405[D][3]).

*Paul A. Ledford, PLC* (by *Paul A. Ledford*), for the plaintiffs.

*Williams, Hughes & Stapleton, P.C.* (by *Steven F. Stapleton*), for the defendants.

Before: WHITBECK, C.J., and BANDSTRA and MARKEY, JJ.

PER CURIAM. In this quiet title action, defendants Joan Smith, Steve Smith, and Cornelius Smith (the Smiths) appeal as of right the trial court's award of costs to plaintiffs Daniel Knue and Jacqueline Knue (the Knues) under MCR 2.405. We affirm.

I. BASIC FACTS AND PROCEDURAL HISTORY

The Knues had resided on the property located at 17009 Royal Avenue in Ferrysburg since 1980. A survey of the property was conducted in 1967, after which the Knues' predecessors constructed a driveway, built a seawall, and planted trees within their land boundaries as measured by that survey. After the Knues purchased the property, they continued to use those boundaries of

the land until 2002, when the Smiths obtained a survey indicating that the boundary established in 1967 was not the true boundary. The Knues filed their suit to quiet title under theories of adverse possession or acquiescence. The Smiths filed a counterclaim for trespass and nuisance that they subsequently abandoned and that is not at issue in this appeal. During the pendency of their suit, the Knues submitted a letter to the Smiths presenting an offer "for stipulation of entry of judgment." According to the offer as described in the letter, the Knues would pay $3,000 in return for a transfer of the disputed property by way of quitclaim deed and the parties would dismiss all claims "with prejudice and without costs." The Smiths replied by letter acknowledging the offer, but objecting to the Knues' characterization of the offer as being "for stipulation of entry of judgment" because MCR 2.405 was not applicable in cases seeking only equitable remedies. Defense counsel indicated that he presented the offer to his clients and would "get back to you shortly." However, the parties apparently had no further communication regarding the proposed offer, and they proceeded to a bench trial.

The trial court decided in favor of the Knues and issued a judgment to quiet title. The trial court also awarded costs to the Knues in the amount of $699.26. The Knues subsequently filed a motion under MCR 2.405(D)(1), requesting actual costs in the amount of $2,527.75 and attorney fees of $21,707, on the grounds that they had made an offer for stipulation of entry of judgment that the Smiths rejected and the adjusted verdict at the conclusion of the proceedings was more favorable to the Knues than the offer. The trial court granted the motion. Thereafter, the Smiths filed a motion for reconsideration that the trial court rejected.

## II. THE APPLICABILITY OF MCR 2.405

### A. STANDARD OF REVIEW

Whether MCR 2.405 applies here is a question of interpretation of the Michigan Court Rules. We review de novo the interpretation of court rules.[1] We review for an abuse of discretion the trial court's decision regarding whether the "interest of justice" exception in MCR 2.405(D)(3) applies to the facts of a specific case.[2]

### B. INTERPRETING MCR 2.405

" 'The purpose of MCR 2.405 is "to encourage settlement and to deter protracted litigation." ' "[3] The rule provides that a party may serve a written offer to stipulate the entry of a judgment for the whole or part of the claim until 28 days before trial.[4] If that offer is rejected, the rule provides that the losing party at trial must pay the costs of the prevailing party if the rejected offer was more favorable than the eventual verdict.[5] By this mechanism, parties are encouraged to settle a matter without a trial if there is a possibility the offer is more than what the offeror may receive in a verdict. The difficulty with offers involving equitable claims arises in valuing the offer against the verdict to determine whether the offer was more or less than the

---

[1] *St George Greek Orthodox Church of Southgate v Laupmanis Assoc, PC*, 204 Mich App 278, 282; 514 NW2d 516 (1994).

[2] *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 374; 689 NW2d 145 (2004).

[3] *Hanley v Mazda Motor Corp*, 239 Mich App 596, 603; 609 NW2d 203 (2000), quoting *Luidens v 63rd Dist Court*, 219 Mich App 24, 31; 555 NW2d 709 (1996), quoting *Hamilton v Becker Orthopedic Appliance Co*, 214 Mich App 593, 596; 543 NW2d 60 (1995).

[4] MCR 2.405(B).

[5] MCR 2.405(D).

verdict. Hence, the rule defines an "offer" as a written notification containing a "sum certain."[6]

Relying on this Court's ruling in *Hessel v Hessel*,[7] the Smiths argue that MCR 2.405 does not apply to a quiet title action seeking solely equitable remedies. In *Hessel*, this Court determined that MCR 2.405 does not apply to proposed property settlements in a divorce action.[8] The Smiths contend that, by extension, MCR 2.405 would not be applicable here. However, in *Hessel*, this Court noted that a proposed property settlement does not offer a sum certain, but a division of marital property.[9] Additionally, this Court noted that the property at issue concerned real estate, a car, household furnishings, and certificates of deposit.[10] Specifically, this Court noted that the value of the certificates could vary depending on when they were withdrawn. This Court explained, "In no sense of the phrase can these items be equated with a 'sum certain.' "[11] Indeed, logically speaking, because the value of property can vary, it is not fixed, settled, or exact. Here, however, the Knues offered to pay the Smiths $3,000 in exchange for an entry of judgment in their favor. Therefore, we conclude that, while there was property involved in this case, the offer was for $3,000, a "sum certain."

The Smiths also rely on *Best Financial Corp v Lake States Ins Co*,[12] to argue that the Knues' letter constituted a conditional offer rendering it improper under

---

[6] MCR 2.405(A)(1).

[7] *Hessel v Hessel*, 168 Mich App 390; 424 NW2d 59 (1988).

[8] *Id.* at 391.

[9] *Id.* at 395.

[10] *Id.*

[11] *Id.*

[12] *Best Financial Corp v Lake States Ins Co*, 245 Mich App 383, 388; 628 NW2d 76 (2001).

MCR 2.405. However, the offer in this case differs from that in *Best Financial*. In that case, the offer was contingent not merely on dismissal of the case, which, of course, will always be the result of a successful settlement, but also on a confidentiality agreement and a termination of the relationship between the plaintiff and the defendant. As this Court observed:

> From defendant's perspective, defense counsel's letter at best indicates a willingness to stipulate the entry of a judgment with particular conditions attached and therefore fails to comply with the requirements of MCR 2.405. Because of the insistence of conditions, the offer, if any, was not for a "sum certain" as required under MCR 2.405(A)(1).[13]

Thus, this Court distinguished between the offer to dismiss the case (i.e., to stipulate entry of a judgment) and the separate conditions attached to that offer. As the trial court correctly noted, the offer in this case contained no separate conditions.

### C. "INTEREST OF JUSTICE" EXCEPTION

The Smiths also argue that the trial court abused its discretion by failing to invoke the "interest of justice" exception of MCR 2.405(D)(3). We conclude that it did not. "The grant of attorney fees under MCR 2.405 should be the rule rather than the exception."[14] The circumstances justifying refusal must be unusual.[15] The "interest of justice" exception applies when the law is unsettled and substantial damages are at issue.[16] Factors such as the reasonableness of the offeree's refusal,

---

[13] *Id.* at 387.

[14] *Miller v Meijer, Inc*, 219 Mich App 476, 480; 556 NW2d 890 (1996).

[15] *Luidens, supra* at 32.

[16] *Stitt v Holland Abundant Life Fellowship (On Remand)*, 243 Mich App 461, 473; 624 NW2d 427 (2000).

the party's ability to pay, or the fact that the claim was not frivolous do not invoke the exception.[17] The exception "appears to be directed at remedying the possibility that parties might make offers of judgment for gamesmanship purposes, rather than as a sincere effort at negotiation."[18]

There was no indication here that the Knues made the offer of judgment for the purpose of gamesmanship, to avoid mediation sanctions, or that the offer was a de minimis offer in order to tack on fees later.[19] Additionally, there was no public interest purpose to the litigation.[20] Even if the law were unsettled in this area, there were no substantial damages at issue here such that the "interest of justice" exception should apply. The Smiths' contention that the exception should have been applied because of the absence of any adjudication on the issues of money damages is not an "unusual circumstance" in a quiet title action.

Additionally, the Smiths argue that the reasonableness of the Knues' offer should have been measured and that their reasonable reliance on the property descriptions of record amount to arguments regarding the frivolousness of the claim or the lack of bad faith in refusing the offer. However, such factors do not invoke the "interest of justice" exception.[21] Therefore, we conclude that the trial court did not abuse its discretion.

Affirmed.

---

[17] *Derderian, supra* at 391.

[18] *Luidens, supra* at 35.

[19] See *id.*

[20] See *id.*

[21] *Derderian, supra* at 391.