732 N.W.2d 156 (2007)
Doreen BINT and Robert Bint, Plaintiffs-Appellees,
v.
Roger Doe, USF Holland, Inc., TST Solutions, Inc., USF Logistics, Inc., U.S. Freightways, Inc., U.S. Freightways Corp., Thomas Nationwide Transport, and KPN, Inc., Defendants, and
Roger BROCK and Con-Way Transportation Services, Inc., Defendants-Appellants.
Docket No. 266242.
Court of Appeals of Michigan.
Submitted December 12, 2006, at Detroit.
Decided February 6, 2007, at 9:15 a.m.
Released for Publication May 14, 2007.
*157 Reifman & Glass, P.C. (by Steven W. Reifman), Farmington Hills, for Doreen and Robert Bint.
Plunkett & Cooney, P.C. (by Ernest R. Bazzana), Detroit, for Roger Brock and Con-Way Transportation Services, Inc.
Before: ZAHRA, P.J., and CAVANAGH and SCHUETTE, JJ.
PER CURIAM.
Defendants Roger Brock and Con-Way Transportation Services, Inc. (defendants), appeal by leave granted the trial court's order granting plaintiffs' motion for rehearing and denying defendants' motion for summary disposition. We affirm.
Defendants argue that the trial court erred in denying their motion for summary disposition because MCL 600.2957(2) does not extend the period of limitations for parties added pursuant to MCR 2.112(K). We disagree. We review de novo a trial court's decision on a motion for summary disposition based on MCR 2.116(C)(7). Coleman v. Kootsillas, 456 Mich. 615, 618, 575 N.W.2d 527 (1998). In the absence of disputed facts, we also review de novo questions regarding the applicability of a statute of limitations. Joliet v. Pitoniak, 475 Mich. 30, 35, 715 N.W.2d 60 (2006). Similarly, we review de novo questions of statutory interpretation, Woodard v. Custer, 476 Mich. 545, 557, 719 N.W.2d 842 (2006), and the interpretation of court rules, Knue v. Smith, 269 Mich. App. 217, 220, 711 N.W.2d 84 (2005).
MCR 2.112(K) is a rule of procedure and was promulgated in response to the adoption of MCL 600.2957 and MCL 600.6304. Veltman v. Detroit Edison Co., 261 Mich. App. 685, 694-695, 683 N.W.2d 707 (2004). "The purposes of the court rule are to provide notice that liability will be apportioned, provide notice of nonparties subject to allocated liability, and allow an amendment to add parties, thereby promoting judicial efficiency by having all liability issues decided in a single proceeding." Id. *158 at 695, 683 N.W.2d 707. This Court has also noted that MCR 2.112(K) "was essentially intended to implement MCL 600.2957." Holton v. A+ Ins. Assoc., Inc., 255 Mich.App. 318, 324, 661 N.W.2d 248 (2003).
Defendants rely on Staff v. Johnson, 242 Mich.App. 521, 619 N.W.2d 57 (2000), in support of their assertion that there is a conflict between MCL 600.2957 and MCR 2.112(K). In Staff, this Court found a conflict between MCL 600.2957(2) and MCR 2.112(K)(4) because the statute provides that the trial court shall grant leave to file an amended pleading and the court rule provides that a party may file an amended pleading. Id. at 531-533, 619 N.W.2d 57. This Court also noted that the statute does not place any time restrictions on the filing of a motion to add a nonparty, while the court rule employs a reasonable time frame and contains an unfair-prejudice provision. Id. at 531-532, 619 N.W.2d 57. Because statutes of limitations involve matters of procedure, this Court resolved the conflict in favor of the court rule and concluded that the statute of limitations applied because the parties had purposely failed to comply with the notice provisions of the court rule. Id. at 533-534. Staff is distinguishable from the instant case because the parties complied with the notice provisions of MCR 2.112(K).
It is undisputed that plaintiffs' second amended complaint was filed beyond the three-year limitations period. MCL 600.5805(10). To determine whether a court rule and a statute conflict, both are read according to their plain meanings. Staff, supra at 530, 619 N.W.2d 57. MCL 600.2957(2) provides that "[a] cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action." MCR 2.112(K) contains no language regarding periods of limitations. Therefore, there is no conflict between the court rule and the statute. Because plaintiffs filed their original complaint within three years of the accident, MCL 600.5805(10) does not apply.
As this Court stated in Veltman, supra at 695, 683 N.W.2d 707, notice under MCR 2.112(K) is required if a party wishes to avail itself of MCL 600.2957 and MCL 600.6304. In the instant case, some of the original defendants, USF Holland, Inc., TST Solutions, Inc.; and KPN, Inc., complied with the notice provisions of MCR 2.112(K), and plaintiffs should not be deprived of the opportunity to pursue recovery from defendants. While we are mindful that this resolution requires defendants to defend against an accident that occurred more than nine years ago, this delay may be attributable to defendant Brock, who allegedly left the scene of the accident.
Defendants next contend that the trial court erred in denying their motion for summary disposition because USF Holland's notice of nonparty fault was not timely. We disagree.
MCR 2.112(K)(3)(c) provides that a late notice may be filed "on a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party." USF Holland was among eight defendants in the original complaint. Although USF Holland knew or should have known that it was not involved in the accident, it initially had no reason to suspect that the driver was not already a party to the lawsuit. When USF Holland learned in May 2002 of Brock's alleged involvement, it had a pending summary disposition motion, which was granted. *159 Because plaintiffs appealed that order, the case was not active in the trial court again until October 25, 2004.[1] Therefore, USF Holland had a reasonable explanation for not seeking permission to file a notice of nonparty fault until February 18, 2005. Further, plaintiffs, the opposing parties, were not unfairly prejudiced by the late filing of the notice. Therefore, USF Holland complied with the notice requirement, and plaintiffs properly amended their complaint.
In light of our resolution in plaintiffs' favor of defendants' issues on appeal, we need not reach plaintiffs' argument asserting an alternative ground for affirmance.
Affirmed.
ZAHRA, P.J. (concurring).
I concur in the result reached and the reasoning employed in the majority opinion. I write separately because I disagree with the conclusion reached in Staff v. Johnson, 242 Mich.App. 521, 619 N.W.2d 57 (2000), that there is a conflict between MCR 2.112(K) and MCL 600.2957(2).[1]
In Staff, the plaintiff argued that MCL 600.2957(2) extended the period of limitations for parties added pursuant to MCR 2.112(K). Staff, supra at 530, 619 N.W.2d 57. This Court rejected the literal meaning of the statute and concluded that the statute conflicts with the court rule. Id. at 531, 619 N.W.2d 57. This Court further concluded that statutes of limitations are procedural, and, therefore, the court rule prevails over the statute. Id. at 533, 619 N.W.2d 57.
Staff wrongly concluded that a conflict exists between the court rule and the statute. A conflict does not exist merely because the court rule uses the permissive word "may" while the statute uses the mandatory word "shall." The court rule addresses the conduct of the parties. A party served with a notice of a nonparty being at fault may file an amended pleading within 91 days of receipt of the notice. The permissive word "may" is used in the court rule because a plaintiff controls his or her pleadings and cannot be required to amend a complaint. By contrast, the statute is directed at the conduct of the court. The statute provides that if a plaintiff elects to file a motion to amend within 91 days of receipt of a notice of a nonparty being at fault, the court "shall grant leave to the moving party. . . ." MCL 600.2957(2).
The statute and the court rule are consistent. The plaintiff may elect to amend the complaint. If the plaintiff so elects, the court shall grant the amendment. There being no conflict between the statute and the court rule, we are bound to implement the remainder of MCL 600.2957(2), which provides that a "cause *160 of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action."
Applying this statutory provision to the facts of the present case, it is clear that the cause of action asserted against defendants, although brought nine years after the events occurred, is timely because the claim against defendants, had it been asserted in the original action, would have been timely. If the Legislature did not intend such stale claims to be initiated under MCL 600.2957(2), it is for the Legislature, not the courts, to say so.
NOTES
[1] Bint v. Doe, unpublished opinion per curiam of the Court of Appeals, issued February 12, 2004, 2004 WL 257545 (Docket Nos. 242252 and 242253). The Michigan Supreme Court denied leave to appeal on October 25, 2004. 471 Mich. 900, 688 N.W.2d 80 (2004).
[1] I recognize that MCR 7.215(J)(1) requires that all panels of this Court follow the rule of law established in prior published decisions. However, a prior published decision need not be followed if it does not dictate the outcome of the subsequent case. MCR 7.215(J)(3)(a). As noted in the majority opinion, Staff is distinguishable from the present case because the notice requirements of MCR 2.112(K) were satisfied in the present case and they were not satisfied in Staff. In Staff, supra at 533-534, 619 N.W.2d 57, the majority held that "[b]ecause plaintiff failed to comply with the notice requirements and the litigation against defendants was commenced after the statutory two-year period, we reverse. . . ." (Emphasis added). While the language employed by the majority opinion in Staff was very broad as it related the alleged conflict between the court rule and the statute, the holding was premised on the plaintiff's failure to comply with the notice requirements of MCR. 2.112(K).