# Syllabus

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

## STENZEL v BEST BUY CO, INC

Docket No. 156262. Argued March 7, 2019 (Calendar No. 2). Decided April 22, 2019.

Paulette Stenzel brought an action in the Ingham Circuit Court against Best Buy Co., Inc. Best Buy filed a notice identifying Samsung Electronics America, Inc., as a nonparty at fault. Plaintiff added a claim against Samsung in an amended complaint. Samsung moved for summary disposition, arguing that plaintiff's claim against it was untimely because plaintiff had not first moved to amend under MCL 600.2957(2). The court, Rosemarie E. Aquilina, J., granted summary disposition in favor of Best Buy and Samsung. Plaintiff appealed, and the Court of Appeals affirmed in part, holding that Samsung was not properly added as a party because plaintiff did not file a motion to amend. 318 Mich App 411 (2016). The Court of Appeals subsequently vacated Part II(C) of the *Stenzel* opinion and convened a special conflict panel. 318 Mich App 801 (2017). The Court of Appeals special conflict panel reversed and remanded, holding that a conflict exists between MCR 2.112(K)(4) and MCL 600.2957(2) with respect to the procedure to amend a pleading to add an identified nonparty at fault to an action and that *Williams v Arbor Home, Inc*, 254 Mich App 439 (2002), had to be overruled to the extent that it held otherwise. 320 Mich App 262 (2017). However, the Court held that the relation-back provision of MCL 600.2957(2) was fully applicable, regardless of the fact that MCR 2.112(K)(4) ultimately controlled the process with respect to amending a pleading to add an identified nonparty at fault, and, therefore, plaintiff was entitled to the protection of the relation-back provision in MCL 600.2957(2). Judge GLEICHER, joined by Presiding Judge SERVITTO and Judge SHAPIRO, concurred in the result, concluding that no irreconcilable conflict exists between the statute and court rule, that plaintiff was permitted to amend her complaint upon receipt of notice of nonparty fault without first filing a motion for leave to amend, and that the amended pleading related back to the original action. Samsung sought leave to appeal in the Supreme Court, and the Supreme Court granted leave to appeal. 501 Mich 1042 (2018).

In a unanimous memorandum opinion, the Supreme Court *held*:

The Court of Appeals decision was affirmed for the reasons set forth in Judge GLEICHER's concurring opinion. MCL 600.2957(2) and MCR 2.112(K) do not irreconcilably conflict, a party may amend a pleading upon receipt of notice of nonparty fault pursuant to MCR 2.112(K) without filing a motion for leave to amend, and the amended pleading relates back to the original action pursuant to MCL 600.2957(2). The two provisions are entirely consistent with regard to the central and controlling issue: a plaintiff's right to timely amend a complaint to

add an identified nonparty at fault as a party. Read together, the two provisions permit a plaintiff to file a motion to amend, or not. Either way, the result is the same: the amendment must be permitted if it is timely. The Supreme Court promulgated MCR 2.112(K)(4) to implement MCL 600.2957, not to supplant it. Moreover, the court rule addresses the conduct of the parties, whereas the statute is directed at the conduct of the court. Accordingly, the two provisions exist in a consistent and complementary fashion. As a result, plaintiff was permitted to amend the complaint without first filing a motion for leave to amend. Because the statute and court rule are complementary, the statute fills in for the court rules' silence on the subject of "relation back." Accordingly, plaintiff's amended complaint adding Samsung as a defendant related back to her original complaint against Best Buy under MCL 600.2957(2) and was timely filed.

Affirmed and remanded to the trial court for further proceedings.

Justice CAVANAGH did not participate due to her prior relationship with Garan Lucow Miller, PC.

©2019 State of Michigan

# OPINION

Chief Justice:
Bridget M. McCormack

Chief Justice Pro Tem:
David F. Viviano

Justices:
Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh

FILED April 22, 2019

S T A T E  O F  M I C H I G A N

SUPREME COURT

PAULETTE STENZEL,

       Plaintiff-Appellee,

v                                    No. 156262

BEST BUY CO., INC.,

       Defendant,

and

SAMSUNG ELECTRONICS AMERICA,
INC.,

       Defendant-Appellant.

BEFORE THE ENTIRE BENCH (except CAVANAGH, J.)

MEMORANDUM OPINION.

Plaintiff was injured after her new refrigerator began to spray water out of its water dispenser onto her kitchen floor, causing her to slip and fall. She filed a timely complaint alleging negligence, breach of contract, and breach of warranty against defendant Best Buy

Co., Inc., which had sold and installed the refrigerator. Best Buy filed a notice of nonparty fault, identifying defendant-appellant Samsung Electronics America, Inc., as the refrigerator's manufacturer. Plaintiff added a claim against Samsung in an amended complaint, and Samsung moved for summary disposition, arguing that plaintiff's claim against it was untimely because plaintiff had not first moved to amend under MCL 600.2957(2) and therefore was not entitled to the relation-back privilege set forth in that statute. The trial court granted Samsung's motion, but the Court of Appeals reversed.

We affirm the Court of Appeals for the reasons set forth in the concurring opinion, *Stenzel v Best Buy Co, Inc*, 320 Mich App 262, 284; 906 NW2d 801 (2017) (GLEICHER, J., concurring in result), and remand to the trial court for further proceedings consistent with this opinion. Specifically, we conclude that MCL 600.2957(2)[1] and MCR 2.112(K)[2] do not irreconcilably conflict, a party may amend a pleading upon receipt of notice of nonparty fault pursuant to MCR 2.112(K) without filing a motion for leave to amend, and the amended pleading relates back to the original action pursuant to MCL 600.2957(2).

---

[1] MCL 600.2957(2) provides:

> Upon motion of a party within 91 days after identification of a nonparty, the court shall grant leave to the moving party to file and serve an amended pleading alleging 1 or more causes of action against that nonparty. A cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action.

[2] MCR 2.112(K)(4) provides, in relevant part, that "a party served with a notice under this subrule may file an amended pleading stating a claim or claims against the nonparty within 91 days of service of the first notice identifying that nonparty."

2

In particular, the concurring opinion correctly concluded that the statute and the court rule "are capable of harmonious coexistence" and do not " 'irreconcilabl[y] conflict.' " *Stenzel*, 320 Mich App at 287, 288 (GLEICHER, J., concurring in result), quoting *People v Watkins*, 491 Mich 450, 467; 818 NW2d 296 (2012); MCL 600.2957(2) (specifying that if a party moves to amend a pleading within 91 days after the identification of a nonparty at fault, the court shall grant it and the amended pleading will relate back to the time of the filing of the original pleading); MCR 2.112(K)(4) (affording a party served with notice of identification of a nonparty at fault the right to amend a pleading to add that nonparty to the suit). Rather, "the statute and court rule at issue here are . . . complementary." *Stenzel*, 320 Mich App at 290 (GLEICHER, J., concurring in result). The two provisions at issue

> are entirely consistent with regard to the central and controlling issue: a plaintiff's right to timely amend a complaint to add an identified nonparty at fault as a party. Read together, the two provisions permit a plaintiff to file a motion to amend, or not. Either way, the result is the same: the amendment must be permitted if it is timely. [*Id*. at 289.]

Moreover, "the [Michigan] Supreme Court understood that a timely request to amend had to be granted." *Id*. Therefore, this Court "promulgated MCR 2.112(K)(4) 'to implement MCL 600.2957,' " not to supplant it. *Id*. at 288, quoting *Holton v A+ Ins Assoc, Inc*, 255 Mich App 318, 324; 661 NW2d 248 (2003). For, "[t]he court rule addresses the conduct of the parties," whereas "the statute is directed at the conduct of the court." *Bint v Doe*, 274 Mich App 232, 237-238; 732 NW2d 156 (2007) (ZAHRA, P.J., concurring). Accordingly, the two provisions exist in a "consistent" and complementary fashion, and they do not conflict. *Id*. at 238.

3

As a result, "[a] plaintiff may elect to amend the complaint [without filing a motion for leave to amend]. If the plaintiff so elects, the court shall grant the amendment." *Id*. Alternatively, "[i]f a plaintiff wishes to file a motion to add a nonparty," the plaintiff is permitted to do so under MCL 600.2957(2). *Stenzel*, 320 Mich App at 290 (GLEICHER, J., concurring in result). These constitute "alternative methods of accomplishing the same goal . . . ." *Id*. Therefore, in the present case, "plaintiff was permitted . . . to file her amended complaint with or without first filing a motion to amend," and she properly added Samsung as a party by filing an amended complaint. *Id*. at 291-292. Furthermore,

> [t]here being no conflict between the statute and the court rule, we are bound to implement the remainder of MCL 600.2957(2), which provides that a "cause of action added under this subsection is not barred by a period of limitation unless the cause of action would have been barred by a period of limitation at the time of the filing of the original action."
>
> Applying this statutory provision to the facts of the present case, it is clear that the cause of action asserted against defendant[] . . . is timely because the claim against defendant[], had it been asserted in the original action, would have been timely. [*Bint*, 274 Mich App at 238 (ZAHRA, P.J., concurring).]

Samsung disagrees, contending that the relation-back privilege in MCL 600.2957(2) is contingent upon a party filing a motion for leave to amend "under this subsection." However, we are in agreement with the concurring opinion that, because "the statute and court rule . . . are . . . complementary," "[t]he statute fills in for the court rules' silence on [the] subject" of "relation back." *Stenzel*, 320 Mich App at 290, 291 (GLEICHER, J., concurring in result). Accordingly, plaintiff's amended complaint adding Samsung as a defendant relates back to her original complaint against Best Buy under MCL 600.2957(2) and was timely filed.

We affirm the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.

Bridget M. McCormack
Stephen J. Markman
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement


CAVANAGH, J., did not participate due to her prior relationship with Garan Lucow Miller, PC.