*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THADDEUS R. DICKEY,

Plaintiff-Appellant,

v

CHARTER TOWNSHIP OF CANTON,
OFFICER CHAMPAGNE, OFFICER
NUOTTILA, and OFFICER HARMON,

Defendants-Appellees.

UNPUBLISHED
June 20, 2019

No. 343343
Wayne Circuit Court
LC No. 17-009588-CZ

Before: BECKERING, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this civil action stemming from the arrest and detention of plaintiff by defendants, plaintiff appeals as of right the trial court's order granting defendants' motion for summary disposition under MCR 2.116(C)(7). We affirm.

## I. BASIC FACTS

This appeal arises out of plaintiff's October 10, 2014 arrest and detention by Canton Township Police Officers Champagne, Nuottila, and Harmon. Plaintiff filed three complaints in Wayne Circuit Court arising out of the October 10, 2014 incident. Plaintiff's first case was removed to the United States District Court for the Eastern District of Michigan: Southern Division (the federal court), and dismissed with prejudice on August 30, 2017. Plaintiff's second complaint in the Wayne Circuit Court was dismissed without prejudice on June 1, 2016, under MCR 2.116(C)(6) because of plaintiff's pending federal case. Plaintiff's third complaint (hereinafter referred to as "plaintiff's third state case")—the one giving rise to this appeal—was filed on June 26, 2017. Defendants filed a motion for summary disposition under MCR 2.116(C)(6) regarding plaintiff's third state case on July 14, 2017. After plaintiff's federal case was dismissed on August 30, 2017, defendants filed a second motion for summary disposition under MCR 2.116(C)(6) on October 26, 2017, and—with the permission of the trial court—filed a revised second motion for summary disposition on February 1, 2017, to change the basis for summary disposition to MCR 2.116(C)(7) on res judicata grounds. Defendants' revised second

motion for summary disposition argued that plaintiff's claims in his third state case were barred by res judicata because of the dismissal of plaintiff's federal case. The trial court agreed, and granted defendants' revised second motion for summary disposition under MCR 2.116(C)(7). Plaintiff now appeals.

## II. WAIVER OF AFFIRMATIVE DEFENSE

Plaintiff argues that defendants inadvertently waived their ability to assert the affirmative defense of res judicata in their revised motion for summary disposition because they failed to assert that defense in their first dispositive motion. We disagree.

An issue must be raised, addressed, and decided in the trial court to be preserved for review. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005). With respect to plaintiff's argument that defendants waived their right to assert res judicata as an affirmative defense, plaintiff failed to raise that issue in the trial court. Thus, this issue is unpreserved.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Altobelli v Hartmann*, 499 Mich 284, 294-295; 884 NW2d 537 (2016). "When considering a motion brought under MCR 2.116(C)(7), it is proper for this Court to review all the material submitted in support of, and in opposition to, the plaintiff's claim." *Bronson Methodist Hosp v Allstate Ins Co*, 286 Mich App 219, 222; 779 NW2d 304 (2009). When determining whether a party is entitled to judgment as a matter of law under MCR 2.116(C)(7), a court must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence and construe them in the plaintiff's favor. *Id*. at 222-223. Further, this Court reviews de novo the interpretation of court rules, *Bint v Doe*, 274 Mich App 232, 234; 732 NW2d 156 (2007), as well as the applicability of res judicata, *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 417; 733 NW2d 755 (2007).

However, this Court reviews unpreserved arguments for plain error. *Hogg v Four Lakes Ass'n, Inc*, 307 Mich App 402, 406; 861 NW2d 341 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000), quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. *In re Utrera*, 281 Mich App 1, 8-9; 761 NW2d 253 (2008).

Summary disposition under MCR 2.116(C)(7) is proper if a party's claim is barred because there has been an "[e]ntry of judgment, dismissal of the action, or . . . [a] prior judgment . . . ." This includes the affirmative defense of res judicata, which bars a subsequent action between the same parties when the facts or evidence essential to the action are identical to those in the prior action. See *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 43; 795 NW2d 229 (2010). MCR 2.116(D)(2) requires that a party's grounds for summary disposition as stated in MCR 2.116(C)(7) "be raised in a party's responsive pleading, unless the grounds are stated in a motion filed under this rule prior to the party's first responsive pleading." Further, MCR 2.111(F) states, in relevant part:

(2) *Defenses Must Be Pleaded; Exceptions.* A party against whom a cause of action has been asserted by complaint, cross-claim, counterclaim, or third-party claim must assert in a responsive pleading the defenses the party has against the claim. *A defense not asserted in the responsive pleading or by motion as provided by these rules is waived*, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted. However,

(a) a party who has asserted a defense by motion filed pursuant to MCR 2.116 before filing a responsive pleading need not again assert that defense in a responsive pleading later filed;

\* \* \*

(3) *Affirmative Defenses.* Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118. Under a separate and distinct heading, a party must state the facts constituting:

(a) an affirmative defense . . . ;

(b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part[.] [Emphasis added.]

Defendants did not waive their ability to assert the affirmative defense of res judicata in their first motion for summary disposition, filed July 14, 2017, because that defense did not become available to defendants until after the federal court dismissed plaintiff's federal case on August 30, 2017. Also, defendants informed the trial court at the November 16, 2017 hearing for their second motion for summary disposition, filed October 26, 2017, that plaintiff's federal case had been dismissed, and notified the trial court of their intention to change the basis for their second motion for summary disposition to MCR 2.116(C)(7) on res judicata grounds. That is, defendants did not waive their ability to assert res judicata as a defense under MCR 2.116(C)(7) because they raised it at the time of the motion hearing. See MCR 2.111(F)(2). Further, the trial court permitted defendants to revise their second motion for summary disposition to add the affirmative defense of res judicata, and allowed plaintiff time to respond to defendants' res judicata defense. "The mere fact that an amendment might cause a party to lose on the merits is not sufficient to establish prejudice." *Ostroth v Warren Regency, GP, LLC*, 263 Mich App 1, 5; 687 NW2d 309 (2004).

Moreover, plaintiff impliedly consented to defendants raising their res judicata defense by failing to raise that issue in the trial court. In *Township of Fraser v Haney*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 337842); slip op 3, the trial court ruled on the merits of the defendants' statute of limitation defense after both parties argued in support of their respective positions. The plaintiff did not argue in the trial court that the defendants failed to properly assert their statute of limitations defense in their first responsive pleading, and instead, raised the issue of the defendants' waiver of their statutory of limitations defense for the first

time on appeal. *Id*. This Court held that, "[u]nder these circumstances, . . . the trial court tried the merits of defendants' statute of limitations defense with plaintiff's implied consent." *Id*. Similarly, the trial court decided the merits of defendants' res judicata defense, and plaintiff failed to raise the issue of defendants' waiver of that defense until this appeal. In fact, once plaintiff's second state case was dismissed without prejudice under MCR 2.116(C)(6) because of plaintiff's pending federal case, all parties—including plaintiff—were put on notice of defendants' potential res judicata defense once plaintiff's federal case was resolved. Accordingly, plaintiff impliedly consented to defendants raising their res judicata defense, and he cannot now argue on appeal that defendants waived their res judicata defense. See *id*.

Finally, plaintiff argues that defendants were required to "file a responsive pleading pursuant to [MCR] 2.108(C)(1) 21 days after" defendants' first dispositive motion was denied. However, defendants' first motion for summary disposition, filed July 14, 2017, was never ruled on, and the trial court permitted defendants to revise their second motion for summary disposition, filed October 26, 2017, to add their res judicata defense. Therefore, plaintiff's argument is erroneous.

## III. RES JUDICATA

To the extent plaintiff argues that the trial court erred in holding that defendants were entitled to summary disposition under MCR 2.116(C)(7) and the doctrine of res judicata, plaintiff has abandoned this argument on appeal.

"An appellant may not merely announce its position and leave it to this Court to discover and rationalize the basis for its claims, unravel or elaborate its argument, or search for authority for its position." *Greater Bethesda Healing Springs Ministry v Evangel Builders & Const Managers, LLC*, 282 Mich App 410, 413; 766 NW2d 874 (2009). "Insufficiently briefed issues are deemed abandoned on appeal." *Id*. Additionally, "a party abandons a claim when it fails to make a meaningful argument in support of its position." *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008).

Plaintiff's brief on appeal fails to address the trial court's opinion and order granting defendants' revised motion for summary disposition under MCR 2.116(C)(7) and holding that plaintiff's claims were barred by res judicata. Instead, plaintiff only argues that defendants waived their right to assert res judicata as a defense, as discussed above. Plaintiff's reply brief on appeal also does not address the trial court's opinion and order, and instead argues that defendants failed to comply with the notice requirements of MCR 2.116(B)(2). Plaintiff fails to cite any legal authority addressing the validity of the trial court's holding that plaintiff's claims were barred by res judicata. Therefore, plaintiff has abandoned that issue on appeal.

Even if not abandoned, the trial court did not err in granting defendants' revised second motion for summary disposition under MCR 2.116(C)(7).

Res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). Michigan's approach to the doctrine of res judicata is broad,

barring "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* For the doctrine to apply, the first action must have resulted in a final decision. *Richards v Tibaldi*, 272 Mich App 522, 531; 726 NW2d 770 (2006). Further, Michigan courts use "a transactional test to determine if the matter could have been resolved in the first case." *Washington*, 478 Mich at 420. "Whether a factual grouping constitutes a 'transaction' for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in *time, space, origin, or motivation*, [and] whether they form a convenient trial unit[.]" *Adair*, 470 Mich at 125 (citation omitted, emphasis in original). Also, "[a]s a general rule, res judicata will apply to bar a subsequent relitigation based upon the same transaction or events, regardless of whether a subsequent litigation is pursued in a federal or state forum." *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380; 596 NW2d 153 (1999).

First, all of plaintiff's claims in his third state case (this current appeal) were decided on the merits in his federal case (his prior case). Plaintiff's federal case, which alleged numerous constitutional violations and state tort claims against defendants as a result of his October 10, 2014 arrest and incarceration, was dismissed with prejudice pursuant to the federal court's judgment of dismissal. Therefore, plaintiff's prior federal case resulted in a final decision that was decided on the merits. See *Adair*, 470 Mich at 121.

Second, plaintiff's prior federal case and his third state case involve the same defendants. See *id*. Third, plaintiff's claims, as stated in his third state case, were—and could have been— resolved in his federal case because all of plaintiff's claims in both actions arise out of the same transaction (i.e., his October 10, 2014 arrest and incarceration). See *id*. at 121, 125. Therefore, the trial court did not err in granting defendants' motion for summary disposition under MCR 2.116(C)(7) pursuant to the doctrine of res judicata.

Plaintiff argues that he was not allowed to bring his claims under the Americans with Disabilities Act (ADA), 42 USC 12101, *et seq*., and the Fourteenth Amendment in federal court because the federal court denied plaintiff's motion for leave to amend his complaint in his federal case, and thus, those claims could not have been brought in his prior case. This is incorrect. The federal court's order denying plaintiff's motion for leave to amend his complaint in his federal case determined that plaintiff's claims under the ADA and the Fourteenth Amendment were factually and legally deficient because they failed to "link the particular alleged wrongdoing to any particular defendant." The federal court also determined that allowing plaintiff to further amend his complaint "would likely lead to significant additional motion practice[,] further delay the resolution of this case," and would "infringe[ on] the Defendants' right to have a clear understanding of the claims being brought against them." Therefore, contrary to plaintiff's argument, plaintiff had an opportunity to bring all his claims arising out of his October 10, 2014 arrest and incarceration in his prior action in federal court.

Finally, plaintiff argues that he was not given "a full and fair chance to prepare for litigation" because defendants did not comply with the notice requirement of MCR 2.116(B)(2), thereby denying him due process. MCR 2.116(B)(2) states that, "[a] motion under this rule may be filed at any time consistent with subrule (D) and subrule (G)(1), but the hearing on a motion brought by a party asserting a claim shall not take place until at least 28 days after the opposing party was served with the pleading stating the claim." However, "MCR 2.116(B)(2) does not

apply to defendants who wish to move for summary disposition, but rather governs plaintiffs who wish to move for immediate summary disposition upon the filing of a complaint, hence the words 'a party asserting a claim' in MCR 2.116(B)(2)." *Yee v Shiawassee Cty Bd of Comm'rs*, 251 Mich App 379, 391-392; 651 NW2d 756 (2002) (quotation marks and citation omitted). Therefore, plaintiff's argument regarding the notice requirement of MCR 2.116(B)(2) is without merit.

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause